[No. A076894. First Dist., Div. Three. Aug. 7, 1998.]

ECONOMIC EMPOWERMENT FOUNDATION, Plaintiff and Appellant,
v.
CHARLES QUACKENBUSH, as Insurance Commissioner, etc., Defendant and Respondent;
STATE FARM FIRE AND CASUALTY COMPANY et al., Real Parties in Interest and Respondents.

COUNSEL

Gil M. Coogler for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Paul Gifford and Gerald A. Engler, Deputy Attorneys General, for Defendant and Respondent.

Heller, Ehrman, White & McAuliffe, Paul Alexander, Vanessa Wells and Daniel T. Rockey for Real Parties in Interest and Respondents.

## OPINION

PHELAN, P. J.—Economic Empowerment Foundation (EEF) seeks review of a judgment dismissing a petition for writ of mandate by which it sought to set aside an insurance rate increase requested by real parties in interest State Farm Fire and Casualty Company and State Farm General Insurance Company (collectively, State Farm), and approved by Charles Quackenbush, the Insurance Commissioner of the State of California (the Commissioner). The trial court sustained, without leave to amend, State Farm's demurrer to EEF's petition, on the ground it was untimely filed after the Commissioner's ·order became "effective" pursuant to Insurance Code section 1858.6.[1] We conclude that the time limit prescribed by Government Code section 11523 governs a petition for judicial review of the Commissioner's decision—which was issued following a hearing required by section 1861.05, subdivision (c), and governed by the California Administrative Procedure Act (APA) (Gov. Code, §§ 11500-11529)—and that EEF's petition was, therefore, timely. Accordingly, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

The only facts relevant to this appeal are procedural. On April 5, 1996, the Commissioner issued an order adopting in part the proposed decision of an administrative law judge (ALJ), and granting State Farm's application for a 100 percent rate increase for its commercial lines of earthquake insurance. The ALJ had issued a 107-page proposed decision following a hearing, which commenced on August 15, 1995, and was completed on October 25, 1995, and in which EEF participated as an intervener. In a section entitled "Effective Date of Order," the Commissioner expressly stated: "Pursuant to Insurance Code section 1858.6, this order shall become effective 20 days after a copy of this order is mailed or delivered to the persons affected." The Commissioner's order was mailed to the parties, including EEF, the same day it was issued—April 5, 1996.

On May 6, 1996, EEF filed a petition for writ of mandate in San Francisco Superior Court to challenge the Commissioner's order. State Farm demurred to the petition on the ground that the petition was untimely, contending that section 1858.6 provides only 20 days to seek judicial review of the Commissioner's orders. The Commissioner did not join in State Farm's demurrer

---

[1] All statutory references are to the Insurance Code unless otherwise indicated.

but, rather, filed a verified answer to the petition.[2] After a hearing on August 2, 1996, the trial court sustained the demurrer, and entered judgment accordingly. This timely appeal followed.

## DISCUSSION

In 1988, the voters of California approved Proposition 103, which provided, among other things, a procedure for "prior approval" of rate increases for casualty insurance. (§§ 1861.01, subd. (c), 1861.05; *20th Century Ins. Co. v. Garamendi* (1994) 8 Cal.4th 216, 242-243 [32 Cal.Rptr.2d 807, 878 P.2d 566].) Former section 1861.08, as enacted pursuant to that initiative, directed the Commissioner to conduct hearings "pursuant to Sections 11500 through 11528 of the Government Code."[3] Those sections set forth the formal hearing procedure for administrative adjudication under the APA. (See *CalFarm Ins. Co. v. Deukmejian* (1989) 48 Cal.3d 805, 824 [258 Cal.Rptr. 161, 771 P.2d 1247].)[4]

Among the provisions expressly incorporated into section 1861.08 is Government Code section 11523, which provides, in pertinent part: "Judicial review may be had by filing a petition for a writ of mandate in accordance with the provisions of the Code of Civil Procedure, *subject, however, to the statutes relating to the particular agency.* Except as otherwise provided in this section, the petition *shall* be filed within 30 days after the last day on which reconsideration can be ordered." (Italics added.) The last day on which an agency may reconsider a decision is: (1) 30 days after the delivery or mailing of the decision; (2) the day set by the agency as the effective date for the decision if that date occurs within the 30-day period after mailing or delivery of the decision; or (3) the termination date of any stays granted by

---

[2]The Commissioner has appeared as a respondent in this appeal, without objection from EEF.

[3]Section 1861.08 was amended in 1996 to provide, in relevant part, that the Commissioner's hearings are to be conducted "pursuant to Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code . . . ." (Stats. 1996, ch. 390, § 10, eff. Aug. 19, 1996, operative July 1, 1997.) This amendment was nonsubstantive, but was designed to reflect 1995 revisions of the APA (see Stats. 1995, ch. 938), and to "refer to *the entire formal hearing chapter*" of that act, which is "supplemented by Chapter 4.5 (commencing with Section 11400) of the same part, containing general provisions on administrative adjudication applicable to all state agency hearings." (Cal. Law Revision Com. com., 42A West's Ann. Gov. Code (1998 pocket supp.) § 1861.08, p. 172, italics added.)

[4]The Commissioner notes that a hearing is not required as to all rate change applications. (See § 1861.05, subd. (c).) However, a hearing was required and conducted in this case because the proposed rate adjustment exceeded 15 percent of the then applicable rate for commercial earthquake insurance. (*Id.,* subd. (c)(3).)

the agency for the purpose of applying for or considering the merits of a petition for reconsideration. (Gov. Code, § 11521, subd. (a).)

 As far as this record discloses, EEF did not request a stay or reconsideration of the Commissioner's order of April 5, 1996, and the Commissioner did not stay or undertake reconsideration of his order. However, the Commissioner did expressly declare an effective date "within the 30-day period after mailing of the decision," specifying that his order would become "effective 20 days after a copy of this order is mailed or delivered to the persons affected." Accordingly, under Government Code section 11523, EEF was required to file its petition for review within 50 days after April 5, 1996, or by May 25, 1996, so as to be timely. (Gov. Code, §§ 11521, subd. (a), 11523.) Neither State Farm nor the Commissioner disputes that EEF's petition was timely filed if the time limit of Government Code section 11523 applies.

The problem presented is that there is another section of the Insurance Code dealing with time limits for seeking judicial review of "[a]ny finding, determination, rule, ruling or order" of the Commissioner (§ 1858.6), and Proposition 103 expressly incorporated that provision as well (§ 1861.09). Relying on section 1861.09,[5] State Farm and the Commissioner contend that the review procedure in section 1858.6 usurps the procedure set forth in Government Code section 11523, and that section 1858.6 provides a mandatory 20-day time limit for filing a petition for writ of mandate as to *all* orders issued by the Commissioner.[6] We disagree.

Section 1858.6 states in relevant part, "Any finding, determination, rule, ruling or order made by the commissioner under this chapter shall be subject to review by the courts of the State and proceedings on review shall be in accordance with the provisions of the Code of Civil Procedure. In such proceedings on review, the court is authorized and directed to exercise its independent judgment on the evidence and unless the weight of the evidence supports the findings, determination, rule, ruling or order of the commissioner, the same shall be annulled. [¶] *Notwithstanding any other provision of law to the contrary*, a petition for review of any such finding, determination, rule or order, *may* be filed at any time before the effective date thereof. No

---

[5]In relevant part, section 1861.09 states: "Judicial review shall be in accordance with Section 1858.6."

[6]The Commissioner argues that section 1858.6 "requires that a petition for writ of mandate from a rate decision by the Commissioner be filed before the Commissioner's order becomes effective, that is, within 20 days of notice of the order." The Commissioner fails to discuss the situation in which the Commissioner establishes an "effective date" more than 20 days after his order is mailed or delivered to the parties.

such finding, determination, rule, or order shall become effective before the expiration of 20 days after notice and a copy thereof are mailed or delivered to the person affected, and any finding, determination, rule, or order of the commissioner so submitted for review shall not become effective for a further period of 15 days after the petition for review is filed with the court." (Italics added.)

Section 1858.6 contains two general directives. The first paragraph establishes the power of the courts to review the Commissioner's rulings, and directs the courts to "exercise its independent judgment on the evidence" before the Commissioner. (*Ibid.*; see also *20th Century Ins. Co.* v. *Garamendi, supra*, 8 Cal.4th at pp. 272-273.) The second paragraph establishes a procedure for filing a petition for review, specifically providing that the petition may be filed *before* the Commissioner's ruling is final. The words, "[n]otwithstanding any other provision of law to the contrary," in the first sentence of the second paragraph may thus be read to modify the judicial review procedures in Government Code section 11523 and Code of Civil Procedure section 1094.5, which ordinarily do not permit a petition for review to be filed until *after* the Commissioner's decision becomes final. (See Code Civ. Proc., § 1094.5, subd. (a).)[7] The word "may" in the same sentence suggests that the procedure for obtaining review of the Commissioner's decision under this section is permissive. (See § 16; see also *Common Cause* v. *Board of Supervisors* (1989) 49 Cal.3d 432, 443 [261 Cal.Rptr. 574, 777 P.2d 610].) The second sentence of the second paragraph modifies Government Code section 11521 by limiting the Commissioner's power to set an effective date for a decision to no sooner than 20 days after delivery or mailing of the decision. The same sentence provides further for an automatic stay of the Commissioner's decision if a timely petition is filed with the superior court. The second paragraph of section 1858.6 thus allows a party a minimum of 20 days within which to file a petition for review after the Commissioner's decision is mailed or delivered. The purpose of this procedure is to provide an opportunity for review and a stay of the Commissioner's decisions *before* they become "effective." (§ 1858.6.)

State Farm and the Commissioner argue, however, that section 1858.6 *requires* a party to file a petition for writ of mandate within 20 days after

---

[7]As State Farm has pointed out, this portion of section 1858.6 was enacted in 1949 to expand the limitations period for filing a petition for judicial review where the Commissioner's "finding determination, rule, or order" prescribes an effective date more than 20 days after mailing or delivery of notice and a copy of the order. (Stats. 1949, ch. 174, § 1, p. 406; Letter to Governor Earl Warren from Insurance Commissioner Wallace K. Downey, Apr. 26, 1949, regarding Sen. Bill No. 651 (1949 Reg. Sess.) § 1.)

the mailing or delivery of the Commissioner's rate order because, if the language permits but does not require a party to seek judicial review within 20 days, the statute does not permit the party to do anything it could not have already done.[8] Again, we disagree. As we have noted, section 1858.6 permits review of the Commissioner's decisions before they are final, a process that Government Code section 11523 and Code of Civil Procedure section 1094.5 do not contemplate or authorize.

State Farm and the Commissioner also contend that section 1858.6 is an "agency-specific" time limit which must take precedence over the more general rule provided by section 11523. This argument fails to consider that section 1861.08 is itself an "agency-specific" statute which expressly incorporates by reference a time limit applicable to at least one class of rate orders by the Commissioner, i.e., those issued following a "hearing" conducted under APA procedures.

The Commissioner further notes that a formal hearing is not required as to all rate change applications (see § 1861.05, subd. (c)) and, indeed, suggests the vast majority of his orders issue without any hearing. The Commissioner thus strenuously objects to any rule that would provide a different limitations period for judicial review of his orders, depending on the type of order and the procedural posture (i.e., following an APA hearing or not) in which it is issued. The Commissioner urges that the only way to achieve "clarity and simplicity" regarding the time limit for judicial review of his rate orders is to apply a single, uniform 20-day rule as provided by section 1858.6. We need not reach this issue because we are dealing with the limitations period for judicial review of only one type of rate order: one adopting the "decision" of an ALJ following a mandatory hearing conducted under the formal hearing procedures prescribed by the APA. We note, however, that other courts and treatise writers have concluded the Legislature has, indeed, prescribed

---

[8]The Commissioner and State Farm also rely on case law which suggests the phrase "may be filed" may be read as making optional or voluntary the filing of a petition for writ of mandate, but making *mandatory* the time limit which follows the quoted language in section 1858.6. (See, e.g., *Lipari v. Department of Motor Vehicles* (1993) 16 Cal.App.4th 667, 670-671 [20 Cal.Rptr.2d 246] [language in Vehicle Code section 13559, subdivision (a), that a "person may file a petition for review of [an] order in the court of competent jurisdiction in the person's county of residence," means the filing of a petition is optional, but the place to file is not], citing *Plumbing etc. Employers Council v. Quillin* (1976) 64 Cal.App.3d 215, 224 [134 Cal.Rptr. 332].) We find this argument unpersuasive. The decision to file a petition for review of an administrative order is always "voluntary," and the Legislature surely knows how to enact mandatory time limits for such writ proceedings when it intends to do so. (See Gov. Code, § 11523; *California Standardbred Sires Stakes Com., Inc. v. California Horse Racing Bd.* (1991) 231 Cal.App.3d 751, 756-757 [282 Cal.Rptr. 656] [applying Business and Professions Code section 19463].)

different time limits and other procedural rules for different types of orders emanating from a single administrative agency subject to the APA. (See *California Standardbred Sires Stakes Com., Inc.* v. *California Horse Racing Bd., supra,* 231 Cal.App.3d at pp. 758-859 [APA governs proceedings to revoke a license, but not those for issuance or suspension of a license by the California Horse Racing Board]; Cal. Administrative Mandamus (Cont.Ed.Bar 1989) §§ 7.3-7.6, pp. 240-243 & (1998 supp.) at pp. 99-101 [If the particular proceeding is subject to the APA, the limitations period is determined by Government Code sections 11519, 11521 and 11523.].)[9]

If, as the Commissioner and State Farm would have it, section 1861.09 is meant to limit judicial review only to the means set forth in section 1858.6, then section 1861.08's incorporation of Government Code section 11523, which permits the filing of a petition for writ of mandate to review a final decision by the Commissioner, has no meaning. Giving effect and purpose to every word in all the relevant statutes, section 1861.08 generally governs the procedure by which the Commissioner's hearings shall proceed, including the procedure by which the Commissioner's "decisions" may be reviewed pursuant to Government Code section 11523, while section 1861.09 directs the reviewing court to conduct its review according to the Code of Civil Procedure and apply a particular standard of review, in accordance with section 1858.6. Simply because section 1858.6 permits an alternative procedure for obtaining early review of the Commissioner's decisions does not mean that section 1861.09 requires a party to follow that procedure.

In sum we conclude, pursuant to section 1861.08, that Government Code section 11523 provides the applicable time limit for filing a petition for judicial review of the Commissioner's order in this case, and that the trial court erred in finding EEF's petition to be untimely under section 1858.6. In so holding, we do not mean to suggest there is no force to the Commissioner's and State Farm's arguments based on sections 1861.09 and 1858.6. There is. The process of legislating by initiative can leave gaps and dislocations in our statutes, not unlike those which occur when the Legislature enacts sweeping changes in the law. We believe the more coherent reading of the related Insurance and Government Code provisions is the one we have adopted.

[9]There is, moreover, a textual basis for distinguishing between judicial review of such a "decision" following a formal APA "hearing" as prescribed by section 1861.08, and judicial review pursuant to sections 1861.09 and 1858.6 for any other "finding, determination, rule, ruling or order" the Commissioner may issue. (See *Usher* v. *County of Monterey* (1998) 65 Cal.App.4th 210, 219, fn. 6 [76 Cal.Rptr.2d 274] [the statute of limitations in section 11523 "is tied to the effective date of the 'decision' "], citing Gov. Code, §§ 11518, 11519, 11523; see also § 11521.)

## CONCLUSION

The order sustaining State Farm's demurrer is reversed. Costs to Economic Empowerment Foundation.

Parrilli, J., and Walker, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied November 18, 1998.