Gary E. BRAZINA, M.D., Plaintiff,

v.

The PAUL REVERE LIFE INSURANCE COMPANY, Unumprovident Corporation, the California Department of Insurance, and Does 1 through 50, inclusive, Defendants.

No. C 03-0290 MHP.

United States District Court, N.D. California.

April 24, 2003.

Alice J. Wolfson, Bourhis, Wolfson & Schlichtmann, David M. Lilienstein, Esq., Bourhis & Wolfson, Ray Francis Bourhis,

Esq., Bourhis, Wolfson & Schlichtmann, San Francisco, CA, for Plaintiff.

Robert J. McKennon, Barger & Wolen LLP, Irvine, Sarah G. Kim, Barger & Wolen LLP, Anne Michelle Burr, California Attorney General's Office, San Francisco, CA, Stephen Lew, Attorney General's Office, DOJ, Los Angeles, CA, for Defendants.

## MEMORANDUM AND ORDER

### Motion to Remand

PATEL, Chief Judge.

Plaintiff Gary E. Brazina ("Brazina") filed a complaint in California state court against Paul Revere Life Insurance Company ("Revere") and Unumprovident Corporation ("Provident") (collectively "defendants"), alleging that defendants wrongfully withheld payment of total disability benefits due Brazina as an orthopedic surgeon. Brazina also brought claims against the California Department of Insurance ("DOI") for its approval of the policy language at issue, and later amended the caption of the complaint to include DOI. On January 22, 2003, Revere and Provident filed a notice of removal with this court, contending DOI was fraudulently joined. Now before the court is Brazina's Motion to Remand. Having considered the parties' arguments and submissions, and for the reasons set forth below, the court rules as follows.

*BACKGROUND*[1]

Revere issued an individual income disability insurance policy to Brazina in 1988. In 1997, Brazina experienced a "herniated nucleus pulposis," or slipped disk, that resulted in alleged permanent numbness and muscle loss in his right arm. Brazina made a claim for total disability benefits under the policy in January 1998. A dispute arose between Provident, which acquired Revere as a wholly owned subsidiary in March 1997, and Brazina as to whether Brazina should receive total disability benefits at the level of an orthopedic surgeon. Brazina received orthopedic surgeon benefits between April 1998 and December 1998, but thereafter, Brazina contends he received only residual benefits. The policy at issue defines "Total Disability" as "because of Injury or Sickness: (a) You are unable to perform the important duties of Your Occupation; and (b) You are under the regular and personal care of a Physician." Notice of Removal, Exh. A. "Your Occupation" is "the occupation in which You are regularly engaged at the time You become Disabled." *Id.*

On December 11, 2002, Brazina filed a complaint in San Francisco Superior Court, alleging that Provident misrepresented the policy provisions by insisting that Brazina show surgery constituted all of his important duties, not just one of them. Brazina brought claims of breach of contract, misrepresentation, breach of covenant of good faith and fair dealing, and intentional infliction of emotional distress against Revere and Provident. Brazina also brought claims for a writ of mandamus ("claim five") and declaratory relief ("claim six") against DOI, contending that the DOI Commissioner ("Commissioner") should not have approved the relevant policy language because it was ambiguous and misleading. On December 18, 2002, Brazina filed an amended complaint adding DOI to the caption. Defendants removed the action to this court on January 22, 2003 on the basis of diversity of citizenship, alleging that Brazina fraudulently joined DOI to destroy diversity jurisdiction. The parties do not dispute that Brazina is a resident of California, Revere is a

---

1. All facts in this section are taken from Brazina's amended complaint, unless otherwise noted.

Massachusetts corporation and Provident is a Tennessee corporation. Brazina then filed this Motion to Remand on February 5, 2003.

*LEGAL STANDARD*

As a general rule, an action is removable to a federal court only if it might have been brought there originally. 28 U.S.C. § 1441(a). The removal statute is strictly construed, and the court must reject federal jurisdiction if there is any doubt as to whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996). The defendants bear the burden of proving the propriety of removal. *Id.* If at any time before final judgment the court determines that it is without subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c).

*DISCUSSION*

Defendants argue that DOI is fraudulently joined because no cause of action is or can be stated against it; thus, its citizenship should be disregarded for diversity jurisdiction purposes. In addition, even if there is a cause of action available, they argue that the claim is time barred and Brazina has not exhausted his administrative remedies. Further, defendants argue that DOI's citizenship should be disregarded for removal jurisdiction purposes because the claims are so misjoined that they amount to fraudulent joinder. The court concludes that (1) a claim for writ of mandamus raises a possible cause of action; (2) the defenses are not sufficient under

California law to constitute no possible cause of action; (3) misjoinder of the claims does not rise to the level of fraudulent joinder; and (4) it is unnecessary to reach any other possible causes of action.

I. *Threshold Issues*

The court begins by addressing the procedural defects alleged by plaintiff and defendants.

■ Defendants contend that Brazina's failure to name DOI in the caption of his initial complaint and the Commissioner in the caption of any complaint warrant removal. Firstly, defendants offer no reasoning for their contention that omission of a non-diverse party from the caption of the initial complaint is an independent basis for diversity jurisdiction. Thus, this court will not reach the issue.[2] Secondly, it is clear from the complaint that the Commissioner is the real party in interest in this action. Even if DOI is an improper defendant, this defect is immaterial. The Ninth Circuit has held that when an improper defendant is indicated, the court may consider a complaint to have named the proper defendant "if the allegations in the body of the complaint make it plain that the party is intended as a defendant." *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir.1983) (citing *Hoffman v. Halden*, 268 F.2d 280, 303–04 (9th Cir.1959), *overruled on other grounds by Cohen v. Norris*, 300 F.2d 24, 29–30 (9th Cir.1962)).[3] The contents of the com-

---

**2.** The state court from which this action was removed readily permits amendments to pleadings. Brazina clearly named DOI in the body of his initial complaint and asserted two claims against DOI. Failure to name DOI in the caption was a clerical error which was, indeed, quickly corrected by the amended complaint.

**3.** Defendants allege that this standard is applicable only to *pro se* litigants. Although *Rice* pertained to *pro se* litigants, liberal

pleading standards apply to all parties. The Ninth Circuit has relied on *Rice* to allow actions to proceed when represented plaintiffs misname defendants. *See, e.g., Yeseta v. Baima*, 837 F.2d 380, 383 (9th Cir.1988) (action allowed even when there was no clear reference to the real defendant in the complaint). In addition, *Rice* itself relies on cases where a represented litigant was involved. *Atonio v. Wards Cove Packing Co.*, 703 F.2d 329 (9th Cir.1982) (EEOC complaint); *Hoffman, supra; United States v. A.H. Fischer Lumber Co.*,

plaint in this action demonstrate that the Commissioner is the party being sued. Moreover, the Commissioner apparently had notice and thus there was no prejudice, or at least he has not alleged any.

■ Brazina argues that remand is required because DOI did not sign the Notice of Removal. The "rule of unanimity" requires that all defendants in a state action must join in the removal petition. 28 U.S.C. § 1446(a). However, a judicially created doctrine provides an exception for parties who are fraudulently joined. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir.1988). Defendants petitioned for removal on the basis that DOI is fraudulently joined; therefore, if this court finds that there is fraudulent joinder, DOI need not have joined the Notice of Removal.

II. *Cause of Action*

■ Removal of a civil action alleging claims against a non-diverse defendant is proper when the plaintiff has no basis for suing that defendant. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 98, 42 S.Ct. 35, 66 L.Ed. 144 (1921). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987).

■ This court finds that Brazina's petition for a writ of mandamus to challenge the DOI Commissioner's approval of the insurance policy language under section 10291.5 of the California Insurance Code is a viable cause of action. Section 10291.5

gives the Commissioner the duty and power to approve disability insurance policies. Subparagraph (b)(1) provides that "[t]he commissioner shall not approve any disability policy for insurance or delivery in this state ... [i]f the commissioner finds that it contains any provision ... which is unintelligible, uncertain, ambiguous, or abstruse, or likely to mislead a person to whom the policy is offered, delivered or issued." Cal. Ins.Code § 10291.5(b)(1). The Commissioner's decision is subject to judicial review in accordance with the California Code of Civil Procedure. Cal. Ins. Code § 10291.5(h).

The Ninth Circuit, relying on section 1094.5 of the California Code of Civil Procedure and *Bixby v. Pierno*, 4 Cal.3d 130, 137, 93 Cal.Rptr. 234, 481 P.2d 242 (Cal. 1971), has stated that an insured may petition for a writ of mandamus requiring the Commissioner to revoke approval of a policy if the insured believes the Commissioner abused his discretion in approving the policy under section 10291.5.[4] *Peterson v. American Life & Health Ins. Co.*, 48 F.3d 404, 410 (9th Cir.), *cert. denied*, 516 U.S. 942, 116 S.Ct. 377, 133 L.Ed.2d 301 (1995). A recent California case indicates that state courts would also accept a cause of action as expressed in *Peterson* for approval of a policy that violated section 10291.5. *Van Ness v. Blue Cross of Cal.*, 87 Cal.App.4th 364, 371–72, 104 Cal. Rptr.2d 511 (Cal.Ct.App.2001). It is not entirely clear which type of writ the *Van Ness* court envisioned, but the language used by the court is not restrictive. Thus, among courts that have addressed the matter, there is a general willingness to

162 F.2d 872 (4th Cir.1947); *Tyrolf v. Veterans Administration*, 82 F.R.D. 372 (E.D.La. 1979).

**4.** The provision at issue in *Peterson* was subparagraph (b)(7), which prohibits the Commissioner from approving policies that are

not "sufficient to be of real economic value to the insured." Cal. Ins.Code § 10291.5(b)(7)(A). Defendants have not argued that there is any distinction between this subparagraph and the subparagraph at issue in this action, and this court finds none.

allow a writ when an insured wishes to challenge a Commissioner's approval of a policy under section 10291.5.

■■■■ "The proper method of obtaining judicial review of most public agency decisions is by instituting a proceeding for a writ of mandate." *Bunnett v. Regents of Univ. of Cal.*, 35 Cal.App.4th 843, 848, 41 Cal.Rptr.2d 567 (1995) (citing *Bodinson Mfg. Co. v. California Employment Comm'n*, 17 Cal.2d 321, 328–30, 109 P.2d 935 (Cal.1941)). There are two types of mandamus review: ordinary and administrative. *See* Cal.Civ.Proc.Code §§ 1085, 1094.5. Section 1094.5 of the California Civil Procedure Code, the section cited by *Peterson*, provides for an administrative writ of mandate. Administrative mandamus is available only if the challenged decision results from a "proceeding in which, by law: 1) a hearing is required to be given, 2) evidence is required to be taken, and 3) discretion in the determination of facts is vested in the agency." *Taylor v. State Pers. Bd.*, 101 Cal.App.3d 498, 502, 161 Cal.Rptr. 677 (1980) (emphasis omitted). If an agency is not required to hold a hearing, the agency's actions may be challenged through an ordinary writ of mandamus. *Bunnett*, 35 Cal.App.4th at 848, 41 Cal.Rptr.2d 567 (citing *Weary v.*

*Civil Serv. Comm'n*, 140 Cal.App.3d 189, 195, 189 Cal.Rptr. 442 (Cal.Ct.App.1983)).

It is not clear from the complaint whether Brazina is asking for an ordinary or an administrative writ. This court finds that it is likely to be an ordinary writ of mandamus because there is no statutory requirement that the Commissioner conduct an evidentiary hearing in order to approve an insurance policy.[5] *See* Cal. Ins.Code § 10290 (stating that Commissioner may approve policy in writing or by letting thirty days expire). Brazina must meet three requirements to have a cause of action for an ordinary writ under California Code of Civil Procedure section 1085.[6] "Generally, a writ will lie when there is no plain, speedy, and adequate alternative remedy; the respondent has a duty to perform; and the petitioner has a clear and beneficial right to performance."[7] *Payne v. Superior Court*, 17 Cal.3d 908, 925, 132 Cal.Rptr. 405, 553 P.2d 565 (Cal. 1976). The court finds Brazina may satisfy all three requirements, and thus he has a possible cause of action for a writ of ordinary mandamus against the Commissioner.

Brazina likely meets the first requirement, since he has no alternative remedy

**5.** This is at odds with the citation in *Peterson*. However, the court notes that the statement in *Peterson* was dicta, and while *Van Ness* relied on *Peterson*, the California court did not specify which type of writ was appropriate.

**6.** Section 1085 provides:

(a) A writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled, and from which the party is unlawfully precluded by such inferior tribunal, corporation, board, or person.

(b) The appellate division of the superior court may grant a writ of mandate directed to the superior court in a limited civil case or in a misdemeanor or infraction case. Where the appellate division grants a writ of review directed to the superior court, the superior court is an inferior tribunal for purposes of this chapter.
Cal.Civ.Proc.Code § 1085.

**7.** Defendants' reliance on *Omaha Indem. Co. v. Superior Court*, 209 Cal.App.3d 1266, 258 Cal.Rptr. 66 (1989), is misplaced. *Omaha* summarized the general criteria California courts apply to decide the appropriateness of a writ from the courts of appeal to the trial courts. This action has a different context, as Brazina is requesting a trial court to issue a writ against a government official.

which is plain, adequate, and speedy. Nowhere does the Insurance Code provide an administrative remedy for an insured to contest the Commissioner's approval of a policy form. *Cf.* Cal. Ins.Code § 10291.5(f) (insurer may request a hearing to appeal the Commissioner's withdrawal of approval). Defendants point to section 12921.3 of the Insurance Code, in which the Commissioner "shall receive complaints and inquiries, investigate complaints, prosecute insurers when appropriate ... and respond to complaints and inquiries by members of the public concerning the handling of insurance claims ...." Cal. Ins.Code § 12921.3. This process is not a means of administrative appeal of the Commissioner's actions, but a method for the public to complain about the conduct of insurers. In fact, powers given to the Commissioner to respond to complaints do not include the "power to adjudicate claims." Cal. Ins. Code § 12921.4(a). Thus, it is possible for Brazina to show that no other remedy is available to him other than asking the court to adjudicate his claim against the defendants directly, which will not be speedy, or to compel the Commissioner to exercise his discretion and withdraw approval of the policy.

It is also possible for Brazina to meet the second and third requirements. There is most likely a duty to perform by the Commissioner. Section 12921 of California Insurance Code provides that the Commissioner "shall perform all duties imposed upon him or her by the provisions of this code and other laws ... and shall enforce the execution of those provisions and laws." The Commissioner has a mandatory duty not to approve a policy that is found to be ambiguous or misleading. Cal. Ins.Code § 10291.5(b)(1). Brazina alleges that the policy is ambiguous, and he was led to believe that he had a benefit that was later denied by the insurer. If the policy is indeed ambiguous and misleading, then the Commissioner had a duty not to

approve it. Moreover, Brazina likely has a clear and beneficial right to performance. Subparagraph (h) of section 10291.5 allows for judicial review of "any action taken by the commissioner under this section" and the "proceedings on review shall be in accordance with the [California] Code of Civil Procedure." Cal. Ins.Code § 10291.5(h). Both *Peterson* and *Van Ness* state that if an insured wishes to contest the language of an insurance policy, he may petition for a writ to require the Commissioner to withdraw approval of a policy.

▮ Judicial review of an administrative decision under section 1085 of the California Code of Civil Procedure " 'is limited to an examination of the proceedings before the [agency] to determine whether [its] action has been arbitrary, capricious, or entirely lacking in evidentiary support, or whether [it] has failed to follow the procedure and give the notices required by law.' " *Strumsky v. San Diego County Employees Ret. Ass'n,* 11 Cal.3d 28, 34 n. 2, 112 Cal.Rptr. 805, 520 P.2d 29 (Cal.1974) (alteration in original) (quoting *Pitts v. Perluss* 58 Cal.2d 824, 833, 27 Cal.Rptr. 19, 377 P.2d 83 (Cal.1962)). Whether the Commissioner acted arbitrarily is not for this court to decide. In considering fraudulent joinder, the court does not review the merits of Brazina's claim but only determines whether a cause of action exists under California law. *McCabe,* 811 F.2d at 1339. Here, this court is satisfied that there is some basis to compel the Commissioner to withdraw approval of the policy.

▮ Defendants argue that even if there is a valid claim against DOI or the Commissioner, DOI is still fraudulently joined because there is a statutory time bar for judicial review and Brazina has not exhausted his administrative remedies. While courts generally focus on the plaintiff's pleadings to determine if there is

removal jurisdiction, the Ninth Circuit has held that when fraudulent joinder is an issue, "we will go somewhat farther." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.), *cert. denied*, 525 U.S. 963, 119 S.Ct. 407, 142 L.Ed.2d 330 (1998). In *Ritchey*, the Circuit found that a statute of limitations bar constituted fraudulent joinder. *Id.* at 1320. The *Ritchey* court concluded that "under California law no cause of action was stated" because the statute of limitations is a "kind of procedural bar, and not one which relates to the merits of the case," and defendants may file a demurrer in state court based on the statute of limitations. *Id.* at 1319–20. This court finds that even under *Ritchey*, the defenses asserted by Revere and Provident are not grounds for fraudulent joinder.

■ Defendants contend that Brazina's claim under section 10291.5 is time barred since Brazina did not file a petition for judicial review before the effective date of the Commissioner's approval. They rely on subparagraph (h), which states: "Notwithstanding any other provision of law to the contrary, petition for any such [judicial] review may be filed at any time before the effective date of the action taken by the commissioner." Cal. Ins.Code § 10291.5(h). Once the action was effective, defendants argue, the language of the policy must be presumed to comply with section 10291.5.[8]

The court is unconvinced. *Ritchey* does not counsel removal jurisdiction over this action. The *Ritchey* court faced a uniquely egregious situation, in which a plaintiff filed a second lawsuit adding non-diverse parties even though it was already clear from a prior Circuit decision that the causes of action were barred by the applicable statutes of limitations.[9] 139 F.3d at 1320. The Circuit found that the plaintiff could not defeat diversity in such a manner, since "[i]t is pellucid that by the time the complaint in question was filed ... the statute of limitations had long since run." *Id.*

No such pellucidity exists here. The statute of limitations in *Ritchey* is a mandatory bar, whereas section 10291.5 provides that a petition *may* be filed before the effective date. In fact, it seems likely that a California court would interpret the

---

8. The entire subparagraph (h) provides:

> Except as provided in subdivision (k), any action taken by the commissioner under this section is subject to review by the courts of this state and proceedings on review shall be in accordance with the Code of Civil Procedure.
>
> Notwithstanding any other provision of law to the contrary, petition for any such review may be filed at any time before the effective date of the action taken by the commissioner. No action of the commissioner shall become effective before the expiration of 20 days after written notice and a copy thereof are mailed or delivered to the person adversely affected, and any action so submitted for review shall not become effective for a further period of 15 days after the filing of the petition in court. The court may stay the effectiveness thereof for a longer period.

Cal. Ins.Code § 10291.5(h).

Subparagraph (k) provides:

> Any such policy issued by an insurer to an insured on a form approved by the commissioner, and in accordance with the conditions, if any, contained in the approval, at a time when that approval is outstanding shall, as between the insurer and the insured, or any person claiming under the policy, be conclusively presumed to comply with, and conform to, this section.

Cal. Ins.Code § 10291.5(k).

9. The *Ritchey* court seemed particularly concerned that plaintiff was forum shopping in order to avoid the Circuit's earlier decision. "Upjohn faced Ritchey before in the federal courts and won the day. It now finds itself sued, along with others, in an action that appears to be the same essential claim as the one it faced before. Having prevailed in the first agon in federal court, it understandably does not wish to struggle with Ritchey in another forum, even if the struggle turns out to be a short one." 139 F.3d at 1320.

language to allow this action to proceed. A recent appellate decision determined that almost identical statutory language in another section of the Insurance Code simply provides an alternative means of review. *Economic Empowerment Found. v. Quackenbush*, 65 Cal.App.4th 1397, 1402, 77 Cal.Rptr.2d 390 (Cal.Ct.App.1998). The plaintiff in *Economic Empowerment* challenged the Commissioner's approval of a rate increase. The Commissioner argued that judicial review was barred because the applicable provision in the Insurance Code stated such actions "may be filed at any time before the effective date" of the Commissioner's action.[10] Cal. Ins.Code § 1858.6. Noting that California courts are ordinarily unable to review an action that is not final, the court found that the "permissive" language of the provision created "an opportunity for review" of such actions. 65 Cal.App.4th at 1402, 77 Cal. Rptr.2d 390. The provision did not, however, bar plaintiffs from petitioning for a writ of mandamus thereafter. *Id.* at 1401–02, 77 Cal.Rptr.2d 390. As defendants have not persuaded this court that the statutory language clearly bars later challenges to a Commissioner's actions, the court will not find fraudulent joinder.

 Exhaustion of administrative remedies is a prerequisite to California state court jurisdiction and may be asserted by defendants through a demurrer. *Leff v. City of Monterey Park*, 218 Cal. App.3d 674, 680–81, 267 Cal.Rptr. 343 (Cal. Ct.App.1990). Thus, under the rationale of *Ritchey*, this defense may be considered for purposes of fraudulent joinder. The rule requiring exhaustion of administrative remedies does not apply, however, when an administrative remedy is unavailable or inadequate. *Tiernan v. Trustees of Cal. State Univ. & Colls.*, 33 Cal.3d 211, 217, 188 Cal.Rptr. 115, 655 P.2d 317 (Cal.1982). Defendants have not shown that there is any administrative appeal process available to challenge the Commissioner's approval of an insurance policy, including the public complaint process set out in section 12921.3. Thus, defendants fail to sustain their burden on this issue.

Brazina need only have one viable cause of action against the Commissioner to defeat removal. For the reasons discussed above, this court finds that claim five raises a possible cause of action under section 10291.5 of the California Insurance Code. Therefore, it is unnecessary to reach the issue of other potential causes of action in claim five or claim six.

### III. *Misjoinder*

Defendants argue vociferously that Brazina's claims against the DOI are completely unrelated to his claims against defendants, and thus Brazina does not meet the requirements for permissive joinder under Rule 20. Defendants try to bootstrap this unconvincing argument into a fraudulent joinder claim. Essentially, they allege that DOI and defendants are not jointly, severally, or alternatively liable to

---

**10.** The entire provision interpreted by the *Economic Empowerment* court is as follows:

Any finding, determination, rule, ruling or order made by the commissioner under this chapter shall be subject to review by the courts of the State. . . .

Notwithstanding any other provision of law to the contrary, a petition for review of any such finding, determination, rule or order, may be filed at any time before the effective date thereof. No such finding, determina-

tion, rule, or order shall become effective before the expiration of 20 days after notice and a copy thereof are mailed or delivered to the person affected, and any finding, determination, rule, or order of the commissioner so submitted for review shall not become effective for a further period of 15 days after the petition for review is filed with the court. The court may stay the effectiveness thereof for a longer period. Cal. Ins.Code § 1858.6.

Brazina, liability does not arise from the same transaction or occurrence, and there is no "common question of law or fact" between the claims, and thus this court should find fraudulent joinder.

Defendants seem to be relying on the theory that emerged from *Tapscott v. MS Dealer Service Corp.*, in which the Eleventh Circuit ruled that claims could be considered fraudulently joined when they are misjoined. 77 F.3d 1353, 1360 (11th Cir.1996), *overruled on other grounds by Cohen v. Office Depot, Inc.* 204 F.3d 1069, 1072 (11th Cir.2000). However, *Tapscott* concerned two groups of plaintiffs that sued separate groups of defendants on almost entirely separate legal grounds. *Id.* The *Tapscott* court found joinder of these two groups of plaintiffs, which was accomplished through Rule 20, "so egregious as to constitute fraudulent joinder." *Id.* The Ninth Circuit has not found occasion to address *Tapscott*, and no other circuit has adopted its rationale.[11]

 In the action at bar, one plaintiff brought different causes of action against separate defendants without resort to Rule 20. Even if this court were to extend *Tapscott* to such an action, there is no evidence that the claims are so unrelated as to constitute "egregious" misjoinder. Since a policy approved by the Commissioner is presumed valid and in compliance with section 10291.5, *Peterson*, 48 F.3d at 410, the outcome of the insurance contract dispute between defendants and Brazina may very well depend on whether the Commissioner will withdraw approval of the policy in question. Brazina argues that "but for" the wrongful approval of the policy, he would not be injured by the defendants. On its face, there is enough of a connection between the claims to militate against any such application of *Tapscott*.

## CONCLUSION

In summary, complete diversity requires that no defendant share citizenship with any plaintiff. 28 U.S.C. § 1332(a). Because defendants fail to establish that DOI was fraudulently joined, the presence of DOI destroys complete diversity and the action must be remanded.

For the foregoing reasons, the court hereby GRANTS plaintiff's Motion to Remand.

---

**11.** *But see In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir.2002) ("[I]t might be concluded that misjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction"); *In re Benjamin Moore & Co.*, 318 F.3d 626, 630–31 (5th Cir.2002) ("[W]ithout detracting from the force of the *Tapscott* principle that fraudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction, we do not reach its application in this case.").