**Richard CAREY, Plaintiff,**

v.

**UNITED OF OMAHA LIFE INSURANCE COMPANY,**
**Defendant.**

**Case No. SACV 13–00740–CJC(RNBx).**

United States District Court,
C.D. California,
Southern Division.

Feb. 24, 2014.

Henry Ellsworth Vines, III, Ellsworth Vines Law Offices, Irvine, CA, for plaintiff.

Martin E. Rosen, Barger and Wolen LLP, Los Angeles, CA, Jenny H. Wang, Barger and Wolen LLP, Irvine, CA, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

CORMAC J. CARNEY, District Judge.

## I. INTRODUCTION

Plaintiff Richard Carey filed this action against Defendant United of Omaha Life Insurance Company ("United"), the claim administrator for long-term disability benefits under his Employee Retirement Income Security Act of 1974 ("ERISA") governed group Long–Term Disability Plan (the "Plan"). (Dkt. No. 5 ["Compl."].) Through his Complaint, Mr. Carey seeks to challenge United's denial of his application for Long–Term Disability benefits under his policy. (Compl. ¶ 37.) Before the Court is United's motion for summary judgment, which argues that Mr. Carey cannot prevail on his claim because he failed to first exhaust the administrative remedies available to him under the Plan.[1] For the reasons stated herein, United's motion is GRANTED.

## II. Background

Mr. Carey obtained coverage under the Plan through his employer, and the Plan sponsor, Angelus Block Company, Inc. (See Dkt. No. 16–4 ["UF"] ¶ 1.) After Mr. Carey stopped working for Angelus, on August 23, 2010 he submitted a claim for long-term disability benefits to United, stating that he was disabled from his occupation as an architectural representative due to injuries that occurred in 1993, 1995, and 1996. (UF ¶ 6.) After several months of review, United denied Mr. Carey's claim by letter dated February 18, 2011. (UF ¶ 7.) In the denial letter, United informed Mr. Carey that "[i]f you disagree with [United's] determination, and wish to appeal this claim decision, you or your authorized representative must submit a written request to appeal within 180 days of the date you receive this notice of denial to the address listed below." (UF ¶ 8.) The denial letter also informed Mr. Carey of his right to file a civil action in relation to the denial of his claim once he exhausted all available administrative rights to review. (UF ¶ 9.)

On July 21, 2011, United received a letter from the California Department of Insurance ("DOI") in response to a "request for assistance" regarding Mr. Carey's claim. (Dkt. No. 17–2, Exh. A ["DOI Let-

---

1. United's motion for summary judgment addresses only the alleged procedural defect in Mr. Carey's action. The Court's analysis is therefore limited to a determination of this narrow issue.

ter"].) The letter states that complainant, Mr. Carey, "contends that a claim has been improperly denied," and that the DOI therefore "request[s] that [United] reevaluate this problem and in no later than twenty-one (21) days inform the complainant in writing of the results." (*Id.*) United responded to the DOI letter on July 29, 2011, providing an explanation for why Mr. Carey's claim was denied, and further informing Mr. Carey that he has "the right to appeal the decision, as outlined in [the] denial letter of February 10, 2011." (Dkt. No. 17–2, Exh. B ["United Response to DOI Letter"].)

No further action was taken with respect to Mr. Carey's claim until May 9, 2013, when Mr. Carey initiated the instant lawsuit. (UF ¶ 13; Compl.)

### III. Analysis

The Court may grant summary judgment on "each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R.Civ.P. 56(a). Summary judgment is proper where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.; see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. A factual issue is "genuine" when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is "material" when its resolution might affect the outcome of the suit under the governing law, and is determined by looking to the substantive law. *Id.* "Factual disputes that

are irrelevant or unnecessary will not be counted." *Id.* at 249, 106 S.Ct. 2505.

■ In an action for benefits under ERISA, the Ninth Circuit has held that a plaintiff's claim may be dismissed where the plaintiff has failed to timely exhaust the plan's administrative remedies before filing suit. *Sarraf v. Standard Ins. Co.,* 102 F.3d 991, 993 (9th Cir.1996); *Diaz v. United Agric. Employee Welfare Ben. Plan & Trust,* 50 F.3d 1478 (9th Cir.1995). While ERISA does not explicitly require a participant to exhaust available internal review before bringing a claim in federal court, "the federal courts have the authority to enforce the exhaustion requirement in suits under ERISA, and [ ] as a matter of sound policy they should usually do so." *Diaz,* 50 F.3d at 1483. However, there are three exceptions to the prudential exhaustion doctrine: (1) futility, (2) inadequate remedy, and (3) unreasonable procedures. *See Vaught v. Scottsdale Healthcare Corp. Health Plan,* 546 F.3d 620, 625–26 (9th Cir.2008). Thus, where a claimant makes a clear and positive showing that pursuing administrative remedies would be futile, a court can relieve the claimant from the requirement. *Kennedy v. Empire Blue Cross & Blue Shield,* 989 F.2d 588 (2d Cir.1993). Bare assertions of futility, however, are insufficient to bring a claim within the futility exception. *Diaz,* 50 F.3d at 1485–86.

### A. Exhaustion of Administrative Remedies

Mr. Carey's Plan provides that a claimant "may appeal within 180 days following [the claimant's] receipt of notification of an Adverse Benefit Determination," which is clarified to mean "a denial, reduction, or termination of, or a failure to provide or make payment (in whole or in part) for a benefit." (UF ¶¶ 3–4). The Adverse Benefits Determination with regard to Mr.

Carey's claim was made by United on February 18, 2011. (UF ¶ 7.) Mr. Carey received notice of United's denial of his claim sometime later that month. (*See* Dkt. No. 17–3 ["Carey Decl."] ¶ 7.) Therefore, under the Plan, Mr. Carey was required to request an appeal by at latest, the end of August 2011, 180 days after he received United's denial letter.[2] No such request for appeal was ever received by United.

◼ In his opposition, Mr. Carey argues that he satisfied the Plan's appeal requirement through the request for review issued to United by the DOI. (Dkt. No. 17 ["Pl.'s Opp'n"] at 7–8.) Specifically, Mr. Carey argues that in sending the letter to United, the DOI was acting as his "authorized representative," and that by the letter, his "intention to appeal ... [was] unambiguous." (*Id.*) Further, because the letter was dated July 25, 2011, Mr. Carey argues that he was in compliance with the Plan's requirement that a request for appeal be filed within 180 days of a benefits denial. (*Id.*) The Court disagrees.

As an initial matter, there is no support for Mr. Carey's proposition that the DOI can act as his authorized representative for purposes of filing an administrative appeal. California Insurance Code section 12921.3 provides authority for the DOI to "receive complaints and inquiries, investigate complaints, prosecute insurers ..., respond to complaints and inquiries by members of the public concerning the handling of insurance claims, ... or alleged misconduct by insurers." The section is essentially "a method for the public to complain about the conduct of insurers." *Brazina v. Paul Revere Life Ins. Co.,* 271 F.Supp.2d 1163, 1169 (N.D.Cal.2003). That Mr. Carey filed

a complaint with the DOI, and that United responded to the DOI's potential enforcement action by explaining its reasoning in denying Mr. Carey's claim, does not suggest that Mr. Carey filed an appeal of the benefits denial and that United again denied his claim upon *de novo* review. Rather, it simply indicates that Mr. Carey alerted the DOI to a possible need for an enforcement action against United, and that United responded by outlining why it had denied Mr. Carey's claim in the first instance. (*See* United Response to DOI Letter.)

In any event, the DOI's letter to United did not serve to perfect an appeal of United's decision to deny Mr. Carey benefits. First, as described in the letter denying Mr. Carey's original claim, an appeal of a benefits denial must be sent in writing to United's Appeals Department. (*See* Denial Letter.) However, the DOI letter was sent to United's manager for market conduct, not its Appeals Department. (*See* DOI Letter.) Second, the Plan itself requires that a claimant seeking to appeal a benefits denial should provide the claimant's name, the name of the person filing the appeal if different from the claimant, the policy number, and the nature of the appeal. (Plan Appeal Provisions at 1.) Here, the DOI letter does not meet the requirement that the request state "the nature of the appeal." The DOI letter simply states that Mr. Carey "contends that a claim has been improperly denied," and requests that United "reevaluate this problem." (DOI Letter.) It does not include even minimal information regarding the nature of Mr. Carey's appeal. Finally, it is notable that in responding to the DOI letter, United informed Mr. Carey that

---

**2.** Mr. Carey states in his declaration that he received United's denial letter in February 2011. (Carey Decl. ¶ 7.) Taking the most conservative interpretation of this declaration, he therefore received the denial letter on February 28, 2011. Under the Plan then, Mr. Carey would have until August 28, 2011, 180 days after February 28, 2011, to submit his appeal to United.

should he disagree with its denial of his benefits claim, he had the right to appeal the decision as outlined in the February 2011 denial letter. (United Response to DOI Letter.) United further reiterated to Mr. Carey that any appeal he wished to request with regard to the denial of his benefits would need to be received by United within 180 days of the original denial of his claim. (*Id.*) Mr. Carey was therefore clearly on notice that the DOI letter was not a perfected request for appeal under the Plan.

The Court finds that the DOI letter did not constitute a perfected request for appeal as required by the Plan. Because Mr. Carey failed to file any appeal within 180 days of receiving United's Adverse Benefits Decision, Mr. Carey failed to exhaust his administrative remedies.[3]

## B. Futility

■ Mr. Carey alternatively argues that in response to the DOI letter, United conducted a "substantial review" of his claim denial, and on that basis, "the denial was sustained." (*Id.* at 9.) Therefore, Mr. Carey argues that he should not be required to exhaust his administrative remedies by appealing United's denial of his benefits claim because such appeal would have been futile. (Pl.'s Opp'n at 8.) Again, the Court disagrees.

United's response to the DOI letter was not a second denial of Mr. Carey's claim. Rather, in its response, United simply summarized why it had denied Mr. Carey's claim in the first instance. (Response to DOI Letter.) United's "review" of its initial denial of Mr. Carey's claim was not a substantive review of the sort provided for in the Plan. (*See* Dkt. No. 23–1 ["Myhr Decl."] ¶ 3 (stating that United's review in responding to the DOI letter was "limited to determining the history of United's initial claim decision and then summarizing that history").) Moreover, in responding to the DOI letter, United clearly informed Mr. Carey that he continued to retain a right to appeal its initial denial of his claim. (Response to DOI Letter.) Mr. Carey's assertion that based on United's response to the DOI letter—a summary of the reasons for the initial denial of his claim—an appeal would have been futile, is speculative. *See Diaz*, 50 F.3d at 1485 ("[B]are assertions of futility are insufficient to bring a claim within the futility exception, which is designed to avoid the need to pursue an administrative review that is demonstrably doomed to fail."). Had Mr. Carey actually requested an appeal from United, he would have been entitled to a *de novo* review of his claim, without "deference to the initial Adverse Benefit Determination," and "conducted by an individual who is neither the individual who made the Adverse Benefit Determination that is the subject of the appeal, nor the subordinate of such individual." (Dkt. No. 17–2 Exh. G ["Plan Appeal Provisions"] at 1–2.) Moreover, in deciding Mr. Carey's appeal, United would have been required to "consult with a health care professional" who is qualified and who was not consulted in connection with the prior

---

3. Mr. Carey also appears to argue in his opposition that compliance with the 180 day requirement established within the Plan is voluntary. (See Pl.'s Opp'n at 6 ("The policy states that, you 'may' appeal within the 180 days following your receipt of notification of an adverse benefit determination. It does not say that you must request the appeal.").) Mr. Carey is correct that the Plan does not require an insured to appeal an adverse benefit deci-

sion. However, the Plan language is unambiguous that if the insured wishes to appeal an adverse decision, such appeal must be filed within 180 days of the decision. (Plan Appeal Policy at 1 ("You may appeal within 180 days following your receipt of notification of an Adverse Benefit Determination.").) Mr. Carey's apparent interpretation otherwise is nonsensical.

Adverse Benefit Determination. (*Id.* at 2.) Mr. Carey would have additionally been given an opportunity to submit new comments, documents, records, and other information in support of his claim. (*Id.*) That Mr. Carey believed United had all the information it needed to make a determination on his claim, (*see* Pl.'s Opp'n at 10), does not suggest that a new claim administrator, reviewing his claim without any deference to the prior denial, could not have found in his favor.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Mr. Carey failed to exhaust his administrative remedies prior to filing this action. United's motion for summary judgment is therefore GRANTED.