**Jalal SARRAF, Plaintiff–Appellant,**

v.

**STANDARD INSURANCE COMPANY, Defendant–Appellee.**

No. 95–55855.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 1996.

Memorandum filed Oct. 31, 1996.

Decided Dec. 11, 1996.

Before: FLETCHER and TASHIMA, Circuit Judges, and RESTANI,* Court of International Trade Judge.

## ORDER

Appellee's request for publication, Ninth Cir. R. 36–4, is granted and the memorandum filed October 31, 1996, is redesignated as an authored opinion by Judge Tashima.

## OPINION

TASHIMA, Circuit Judge:

### I

Plaintiff Jalal Sarraf ("Sarraf") initiated this action to recover long-term disability benefits under a group insurance policy ("LTD policy" or "LTD plan") issued by defendant Standard Insurance Company ("Standard") to the Orange County Employees Association ("OCEA"). The district court held that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, governed the LTD policy at issue, and that Sarraf's failure to exhaust administrative remedies under the ERISA plan bars this action.

We have jurisdiction under 28 U.S.C. § 1291, and we review *de novo* the district court's grant of summary judgment in favor of Standard. *Qualls v. Blue Cross of Calif., Inc.*, 22 F.3d 839, 842 (9th Cir.1994). We affirm.

### II

We turn first to Sarraf's contention that ERISA does not govern the LTD policy in issue. ERISA applies to "any employee benefit plan if it is established or maintained by any employee organization...." 29 U.S.C. § 1003(a)(2).

D. Scott Mohney, Shernoff & Scott, Newport Beach, California, for plaintiff-appellant.

David A. Lingenbrink, Galton & Helm, Los Angeles, California, for defendant-appellee.

■ OCEA is clearly an "employee organization," as defined by 29 U.S.C. § 1002(4). OCEA limits its membership to employees of Orange County. No employers, self-employed individuals or independent contractors

---

* The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

may join. OCEA exists for the purpose, in part, of dealing with Orange County concerning employee benefit plans, including various insurance plans, and other matters incidental to employment relationships, such as salary negotiation, collective bargaining, and lobbying efforts on behalf of its members.

Further, the LTD policy here clearly fits the statutory definition of an "employee welfare benefit plan." 29 U.S.C. § 1002(1). OCEA, an "employee organization," established the LTD plan for the purpose of providing OCEA members with long-term disability insurance coverage. As the plan administrator, OCEA also maintained the plan. Finally, the certificate and summary plan description characterized the LTD plan as an ERISA plan, evidencing OCEA's intent to create an ERISA plan. *Cf. Kanne v. Connecticut Gen. Life Ins. Co.*, 867 F.2d 489, 493 (9th Cir.1988), *cert. denied*, 492 U.S. 906, 109 S.Ct. 3216, 106 L.Ed.2d 566 (1989) (plan brochure's description of plan as an ERISA plan evidenced an intent to create an ERISA plan).

Sarraf's contention that ERISA governs only employee benefit funds managed by employer organizations, not employee organizations, flatly contradicts § 1003(a), which provides that ERISA applies to "any employee benefit plan if it is established or maintained ... by *any employee organization* ...." 29 U.S.C. § 1003(a) (emphasis added). Sarraf's interpretation would read the term "employee organization" out of the statute.

Nor does the LTD plan fall under the Department of Labor "safe harbor" regulations on which Sarraf relies. *See* 29 C.F.R. § 2510.3–1(j). Specifically, OCEA does not satisfy the third regulation.[1] Not only did OCEA actively endorse the LTD plan and encourage members to join, it also performs an array of functions that disqualify it from the application of the third requirement. OCEA also "endorsed" the plan by serving as administrator of the plan. *Cf. Kanne*, 867

F.2d at 493 ("It is clear that, at a minimum, ABC does not merely advertise the group insurance, but rather, as the administrator of the plan, 'endorses' it within the meaning of 29 C.F.R. § 2510.3–1(j)(3)."). Because OCEA is not exempted by the regulation, its involvement in the plan is significant enough to make the plan an "employee benefit plan" subject to ERISA. *See Qualls*, 22 F.3d at 843 (plan must meet all four of § 2510.3–1(j) requirements to qualify for the safe harbor regulation).

Because ERISA governs the LTD policy at issue, the administrative exhaustion requirement, articulated in *Diaz v. United Agric. Employee Welfare Benefit Plan and Trust*, 50 F.3d 1478 (9th Cir.1995), applies. Under *Diaz*, Sarraf's failure to request in writing review of the Administrator's adverse decision precludes the instant claims under the ERISA plan. *Id.* at 1483.

### III

Standard seeks attorneys' fees on appeal. Applying the criteria set forth in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir.1980), we find that an award of attorneys' fees is inappropriate under 29 U.S.C. § 1132(g)(1). We also decline to award fees under Fed.R.App.P. 38.

**AFFIRMED.**

---

1. The applicable regulation provides: "the terms 'employee welfare benefit plan' and 'welfare plan' shall not include a group or group-type insurance program ..., under which (3) The sole functions of the employer or employee organization with respect to the program are, *without* *endorsing the program*, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer." 29 C.F.R. § 2510.3–1(j) (emphasis added).