119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larcenia TAYLOR, Plaintiff-Appellant,
v.
BAKERSFIELD CITY SCHOOL DISTRICT; Dave Hashim; Alice
Johnson, Defendants-Appellees.
 No. 96-16641.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
Decided July 18, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Larcenia Taylor appeals pro se the district court's summary judgment and judgment on partial findings in favor of defendants on Taylor's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and 42 U.S.C. §§ 1981 and 1983. Taylor also appeals the district court's denial of her motion for a new trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review factual findings made pursuant to a Fed.R.Civ.P. 52(c) dismissal under the clearly erroneous standard. See Fed.R.Civ.P. 52(c) Advisory Committee Notes; Johnson v. United States Postal Serv., 756 F.2d 1461, 1464 (9th Cir.1985) (stating test for Rule 41(b), the precursor to Rule 52(c)). We review the district court's ultimate findings pursuant to a Rule 52(c) dismissal de novo. See id. at 1465. We review a grant of summary judgment de novo. See Sarraf v. Standard Ins. Co., 102 F.3d 991, 992 (9th Cir.1996).
 
 
 4
 Taylor failed to prove that she was subjected to racial harassment so severe or pervasive as to alter the conditions of her employment, and create an abusive working environment. See Patterson v. McLean Credit Union, 491 U.S. 164, 179-80 (1989) (stating conditions under which racial harassment is actionable under Title VII). Taylor also failed to prove that an objectively reasonable person under the same circumstances would find the workplace racially hostile or abusive. See Harris v. Forklift Sys. Inc., 510 U.S. 17, 21 (1993) (requiring proof of conduct so severe or pervasive that a reasonable person would find it hostile or abusive). Accordingly, the district court did not err when, at the close of Taylor's evidence during a bench trial pursuant to Fed.R.Civ.P. 52(c), it dismissed her Title VII harassment claims against the Bakersfield School District ("School District"). See Patterson, 491 U.S. at 179-80; Harris, 510 U.S. at 21.
 
 
 5
 Taylor failed to prove that the School District laid her off in retaliation for her complaints of discrimination. See Folkerson v. Circus Circus Enters., Inc., 107 F.3d 754, 755-56 (9th Cir.1997) (stating elements to prove retaliation claim). Taylor also failed to prove that the School District's recall procedure was discriminatory. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) (stating elements to prove racial discrimination in hiring); EEOC v. Farmer Bros. Co., 31 F.3d 891, 899-900 (9th Cir.1994) (applying McDonnell Douglas factors to recall and rehire). Accordingly, the district court did not err by granting partial summary judgment to the School District on Taylor's Title VII claims for retaliatory discharge and discriminatory failure to recall.
 
 
 6
 The district court did not err by granting summary judgment to the School District on Taylor's section 1981 and 1983 claims because the School District is immune from suit under the Eleventh Amendment. See Belanger v. Madera Unified Sch. Dist., 963 F.2d 248, 251 (9th Cir.1992) (holding California school district immune).
 
 
 7
 The district court did not err by granting summary judgment on Taylor's section 1981 and 1983 claims in favor of defendants Johnson and Hashim, because Taylor failed to prove that she was entitled to equitable tolling of the one-year statute of limitations for section 1981 and 1983 claims. See Taylor v. Regents of Univ. of Cal., 993 F.2d 710, 711 (9th Cir.1993) (holding California limitations period is one year); Fobbs v. Holy Cross Health Sys. Corp., 29 F.3d 1439, 1445 (9th Cir.1994) (holding that a party must overcome three threshold matters for equitable tolling).
 
 
 8
 The district court did not err by granting partial summary judgment on Taylor's Title VII claims against Johnson and Hashim in their individual capacities because defendants cannot be held liable in their individual capacities under Title VII. See Ortez v. Washington County, Oregon, 88 F.3d 804, 808 (9th Cir.1996).
 
 
 9
 The district court did not abuse its discretion when it denied Taylor's new trial motion, because Taylor did not present newly discovered evidence. See Fed.R.Civ.P. 59(a); Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211-12 (9th Cir.1987) (stating criteria party must meet to warrant new trial).
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4. Accordingly, we deny Taylor's request for oral argument
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3