**Raymond BAXTER, Plaintiff,**

v.

**LIFE INSURANCE COMPANY OF NORTH AMERICA, Defendant.**

No. 97–CV–151–J.

United States District Court, D. Wyoming.

Nov. 12, 1997.

**1454**

Rhonda Sigrist Woodard, Michael R. O'Donnell, Burke, Woodard & O'Donnell, Cheyenne, WY, for Plaintiff.

Steve Shappell, Mann & Shappell, Denver, CO, for Defendant.

### ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS

ALAN B. JOHNSON, Chief Judge.

This matter came before the court on October 31, 1997, for hearing on defendant's Motion to Dismiss and plaintiff's Motion to Remand. The court has considered the entire file and is fully advised.

On May 28, 1997, plaintiff filed this action in the District Court, First Judicial District, Laramie County against the defendant insurance company alleging breach of contract and bad faith refusal to pay benefits pursuant to a group disability insurance policy. Defendant removed to this court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) contending that the policy is subject to the Employee Retirement Income Security Act of 1974 (ERISA).

On the same day, defendant filed a Motion to Dismiss on the basis that ERISA preempts and bars all state law claims for benefits under an Employee Welfare Benefit Plan regulated by ERISA.

Plaintiff responded with a Motion to Remand and contends that there is no federal jurisdiction because the insurance policy is not an employee benefit plan covered by ERISA.

Thus, the pending motions raise the identical dispositive issue: is the insurance policy an employee benefit plan covered by ERISA? If the policy is covered by ERISA, this case is dismissed as preempted by ERISA. If the policy is not covered by ERISA, there is no federal question and the case is remanded to state court.

■ "Removal statutes are to be strictly construed and all doubts to be resolved against removal." *Fajen v. Foundation Reserve Ins. Co., Inc.,* 683 F.2d 331, 333 (10th Cir.1982).

■ The burden is on the party asserting ERISA preemption to establish the existence of a plan which invokes ERISA's exclusive remedy provisions. *Curtiss v. Union Central Life Ins. Co.,* 823 F.Supp. 851 (D.Colo. 1993).

■ The plan at issue is a group long-term disability income insurance policy issued by defendant. For an employee welfare benefit plan to come within ERISA's sphere of influence, it must, among other things, be "established or maintained" by an employer, an employee organization, or both. 29 U.S.C. § 1002(1). Plaintiff contends that the policy is not covered by ERISA because it falls within a so-called "safe harbor" exception created by federal regulation, 29 C.F.R. § 2510.3–1(j).

The regulation at issue was promulgated to describe when, and to what extent, an employer or a trade union may be involved with an employee welfare benefit plan without being deemed to have "established or maintained" it. The regulation provides:

"[E]mployee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or member of an employee organization under which:

(1) No contributions are made by an employer or employee organization;

(2) Participation in the program is completely voluntary for employees or member;

(3) The *sole functions of the employer or employee organization with respect to the program are, without endorsing the program,* to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and

(4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3–1(j) (underlined emphasis added).

A plan must meet all four of the § 2510.3–1(j) requirements to qualify under the safe harbor regulation. *Johnson v. Watts Regulator Company,* 63 F.3d 1129, 1133 (1st Cir. 1995).

In support of his motion to remand, plaintiff has submitted an affidavit and several exhibits. Defendant has submitted nothing to contravene the facts found therein. At the hearing in this matter defendant orally moved for additional discovery. However, as pointed out by plaintiff, any facts regarding the Union's involvement with the policy would be within defendant's knowledge. Further, where the motions have been pending for almost three months and where defendant did not timely move for discovery on the issues raised in the Motion to Remand, the court will deny that oral motion. The facts as established by plaintiff are as follows:

The plan is offered to members of the Brotherhood of Locomotive Engineers. All premiums due under the policy were paid by a one-hundred percent deduction from plaintiff's wages with no contribution from his employer or his union. Coverage under the policy was purely voluntary and could be canceled by plaintiff at any time.

Neither plaintiff's employer nor his union took any part in the claims process, all claims were made by the insured directly to the insurer. All communication regarding plaintiff's claims was made directly between plaintiff and defendant.

If the union receives any consideration for their limited involvement in deducting the premiums from payroll, it is merely to reimburse it for its administrative expenses. The union received no profit from administering the plan.

Defendant received a booklet that explains the plan and which also contains the following disclaimer:

The use of the name "Brotherhood of Locomotive Engineers" is intended only to signify that the subscribers of the plan are participating local divisions of the "Brotherhood of Locomotive Engineers" and that coverage under the plan is extended only to members of participating local divisions. It is not intended to imply or otherwise represent that this plan has secured the approval or endorsement of the International Division of the "Brotherhood of Locomotive Engineers," which does not grant such approval or endorsement.

The Union is currently deemed to be the policy holder for the group policy. Plaintiff alleges that although the Union is currently the policy holder, the plan reveals that Union was not the policy holder for the period during which plaintiff purchased the policy and made his claim. A copy of the plan was apparently attached to the complaint as filed in the state court but is not attached to the copy of the complaint in this court.

Only subsection (3) of the safe harbor regulation is at issue in this case, namely whether the union endorses the plan. Defendant contends that the Union "endorsed" the plan by becoming its policyholder. Defendant contends that because the Union was the policy holder, it endorsed the plan within the meaning of § 2510.3–1(j)(3). Plaintiff points out that under Wyoming law it is necessary for the union or a trust to be "deemed" the policy holder to create a group disability insurance under Wyoming law. Wyo. Stat. § 26–19–102(a) (viii). Plaintiff contends that being the policy holder for the purposes of Wyoming insurance law does not, by itself, constitute endorsement within the meaning of the 29 C.F.R. § 2510.3–1(j)(3).

■ When examining whether the employer or employee organization endorsed the

plan, the relevant framework in which to examine involvement in the creation or administration of the policy is from the employees' point of view. *Thompson v. American Home Assurance Co.,* 95 F.3d 429, (6th Cir. 1996).

 Where the employer or employee organization separates itself from the program, making it reasonably clear that the program is third party's offering, not subject to its control, then the safe harbor regulation may apply. *Id. quoting Johnson,* 63 F.3d at 1137.

An action is removable to the federal court if the complaint may be reasonably characterized as stating a claim that could have been filed under one or more of ERISA's enforcement provisions. *Hemphill v. Unisys Corp.,* 855 F.Supp. 1225, 1231 (D.Utah 1994).

State law claims for breach of contract which relate to an employee benefit plan are preempted, *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 62, 107 S.Ct. 1542, 1545–46, 95 L.Ed.2d 55 (1987), as are state law claims for bad faith denial of benefits under an employee benefit plan. *Carland v. Metropolitan Life Ins. Co.* 935 F.2d 1114, 1119 (10th Cir.1990).

The issue before the court is one of first impression in Wyoming and apparently elsewhere. There is a case, *Sarraf v. Standard Ins. Co.,* 102 F.3d 991, 993 (9th Cir.1996) where an employee organization was found to have "endorsed" the plan within the meaning of subsection (3) where it served as "plan administrator." The *Sarraf* court was following its earlier decision in *Kanne v. Connecticut General Life Ins. Co.,* 867 F.2d 489, 493 (9th Cir.1988) holding that when an employer group is the administrator of the plan, it endorses the plan for ERISA purposes. However, the court finds these cases are distinguishable and therefore not persuasive authority for the present case. In both the *Sarraf* and *Kanne* cases there were additional facts that supported a finding of endorsement. In *Sarraf* the employer actively endorsed the plan and in *Kanne* the plan administrator published a booklet describing the plan as an ERISA plan. There are no such facts present in this case. Further, the court finds that being deemed to be a policy holder for purposes of issuance of the policy is distinguishable from the involvement required to be a plan administrator.

Where Wyoming law requires that the employee organization be "deemed" the policy holder, but where there is no evidence of any type of administration by the Union, and where there are absolutely no other facts that support a finding that it endorsed the plan, the court finds that this is the extremely rare case where the plan is not covered by ERISA. Accordingly, it is therefore

ORDERED that defendant's oral Motion for Discovery is **DENIED**. It is further

ORDERED that plaintiff's Motion to Remand is **GRANTED** on the basis that this court lacks jurisdiction over this case. It is further

ORDERED that defendant's Motion to Dismiss is **DENIED** as moot.