**Ann GREENWOOD, Plaintiff,**

v.

**HARTFORD LIFE INSURANCE COMPANY, Defendants.**

**No. CV05–08727DDP(MANX).**

United States District Court, C.D. California.

Jan. 24, 2007.

---

Glenn R. Kantor, Corinne Chandler, Kantor & Kantor, Northridge, CA, for Plaintiff.

Bruce D. Celebrezze, Dennis G. Rolstad, Sedgwick Detert Moran & Arnold, San Francisco, CA, for Defendants.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF SUMMARY JUDGMENT

PREGERSON, District Judge.

This matter comes before the Court on the motion of defendant Hartford Life Insurance Company (Hartford) for summary judgment based on preemption of the plaintiff's claims by the Employee Retirement Income and Security Act of 1974 (ERISA) codified as amended at 29 U.S.C. §§ 1001–1461. Based on review of the documents submitted by both parties, the Court denies the motion and adopts the following order.

## I. BACKGROUND

This dispute arises from a long-term disability policy issued by Hartford to plaintiff Ann Greenwood. Greenwood is a dental hygienist by trade and a member of the American Dental Hygienists' Association (ADHA). (Defendant's Statement of Uncontroverted Facts ("DUF") ¶ 4.) Greenwood purchased the policy in connection with the ADHA, and the policy requires that she be a member in good standing of that or any other participating organization to maintain her coverage. (DUF ¶¶ 1–2.) Thereafter, Greenwood suffered an injury that prevented her from the repetitive tasks of dental hygiene and asserted a claim on the policy. (DUF ¶ 5, Plaintiff's Statement of Genuine Issues ("PGI") ¶ 5.) That claim was denied. Greenwood then filed this complaint on diversity jurisdiction asserting state-law claims for breach of contract and breach of the implied warranty of good faith and fair dealing and claiming general, compensatory, and punitive damages of $4.6 million. (Compl.)

Hartford now files this motion for summary judgment based on preemption of state-law claims by ERISA. (Mot. at 1.) Hartford asserts the policy purchased by Greenwood was covered as an "employee benefit plan" within the meaning of that statute. (Mot. at 6.) ERISA provides broad preemption and requires an exhaustion of administrative remedies, but it only applies to those plans that meet the statutory criteria for an employee benefit plan. 29 U.S.C. § 1002.

Hartford argues summary judgment is appropriate because the plan both satisfies the requirements of ERISA and fails to fall into the safe harbor provision of the Department of Labor's ERISA regulations. See 29 C.F.R. § 2510.3–1(j). Greenwood counters that the ADHA is not an "employment organization" within the meaning of ERISA and further that the ADHA neither "maintains" the plan for ERISA purposes nor "endorses" it, subjecting it to the safe harbor even if ERISA were to apply. (Opp. at 1–2.)

## II. DISCUSSION

### A. Legal Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" on that issue. Fed.R.Civ.P. 56(c). In determining a motion for summary judgment, all reasonable inferences from the evidence must be drawn in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. A moving party who bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party does not bear the burden of proof at trial, he is entitled to summary judgment if he can demonstrate that "there is an absence of evidence to support the nonmoving party's case." *Id.*

█ "The existence of an ERISA plan is question of fact, to be answered in light of all the surrounding circumstances from the point of view of a reasonable person." *Zavora v. Paul Revere Life Ins. Co.*, 145 F.3d 1118, 1120 (9th Cir.1998) (quoting *Credit Managers Ass'n v. Kennesaw Life & Acc., Ins. Co.* 809 F.2d 617, 625 (9th Cir.1987)). The burden of establishing the existence of such a plan falls on the asserting party. *Zavora*, 145 F.3d at 1120. In order to qualify as a plan under ERISA, an insurance program must be (1) a plan, fund or program, (2) established or maintained, (3) by an employer or employee organization, (4) for the purpose of providing benefits (5) to participants or their beneficiaries. 29 U.S.C. § 1002(1); *Patelco Credit Union v. Sahni*, 262 F.3d 897, 907 (9th Cir.2001). The Secretary of Labor promulgated an interpretive regulation to aid in the determination of whether a plan is covered by ERISA, found at 29 C.F.R. § 2510.3–1(j). That regulation notes that the terms "employee welfare benefit plan" cannot be applied to a plan that meets its four factors—the safe harbor provision noted by both parties. (Mot. at 12–14, Opp. at 22–24.) That provision exempts insurance programs under which:

(1) No contributions are made by an employer . . . ;

(2) Participation [in] the program is completely voluntary for employees . . . ;

(3) The sole functions of the employer . . . with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees . . . , to collect premiums through payroll deductions . . . and to remit them to the insurer; and

(4) The employer . . . receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions . . . .

29 C.F.R. § 2510.3–1(j).

### B. Analysis

█ Greenwood argues that Hartford cannot meet the definition for employee benefit plan outlined in ERISA itself. Specifically, she argues that the ADHA is not an "employee organization" within the meaning of the statute. (Opp. at 10.) ERISA defines "employee organization" in

pertinent part as "any organization of any kind ... in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning ... matters incidental to employment relationships." 29 U.S.C. 1002(4).

Greenwood points to the Ninth Circuit opinion in *Sarraf v. Standard Insurance Co.*, 102 F.3d 991, 992–93 (9th Cir.1996), which found the Orange County Employees Association to be "employee organization" under ERISA. In that case, the Ninth Circuit observed that the OCEA did not allow non-employees to join, existed for the purpose of dealing with Orange County on employment benefit plans, and engages in activities incidental to employment relationships. *Id.* Greenwood argues that ADHA performs none of these functions and is instead more of a trade group, who promotes the industry generally and whose membership is anyone licensed to practice dental hygiene. Greenwood also submits by declaration the depositions of two Hartford claims specialists who testify that they did not understand Greenwood's policy to be covered by ERISA. (Chandler Decl. Ex B & Ex. C.)

Hartford counters that *Sarraf* is not controlling and does not articulate a test. Rather, Hartford argues that a number of circumstances point to ADHA's being an employment organization, just as the court in *Sarraf* used a number of factors to determine whether the OCEA was an employee organization. These include the ADHA's lobbying efforts on behalf of its members, its members' commonalities in interest, and the fact that only licensed and practicing members can vote and hold office. (Reply at 9–12.)

■ Hartford in this instance is incorrect. As the Ninth Circuit noted in *Steen v. John Hancock Mutual Life Insurance Co.*, 106 F.3d 904 (9th Cir.1997), "employee organization" for the purposes of ERISA

and under the plain meaning of section 1002(4) is to cover labor unions and other traditional organizations established by employees of a particular employer. *Id.* at 917 n. 9. This idea of "employee organization" is supported by a host of cases in other districts. *See Mason Tenders Dist. Council Welfare Fund v. United City Contracting, Inc.*, 925 F.Supp. 208, 210 (S.D.N.Y.1996) (finding an ERISA plan maintained by an employer and a union); *Caterpillar, Inc. v. Int'l Union*, 897 F.Supp. 1150, 1156 (C.D.Ill.1995) (finding an ERISA plan provided by a union); *Aquilio v. Police Benevolent Ass'n of N.Y. State Troopers, Inc.*, 857 F.Supp. 190 (N.D.N.Y.1994) (finding the police benevolent association an "employee organization"); *Empire Blue Cross & Blue Shield v. Consolidated Welfare Fund*, 830 F.Supp. 170 (E.D.N.Y.1993) (finding a union that maintained a benefit fund was not an "employee organization" because it did not at as a bargaining representative).

Hartford is correct in that *Sarraf* did not articulate a test for defining an employee organization for ERISA purposes. *Sarraf* does provide guidance, however, for a court in how an employee organization should look. OCEA membership was limited to employees, the OCEA dealt specifically with one employer, and worked with that employer collectively on behalf of its members on issues related to the employer-employee relationship. ADHA has none of those characteristics. ADHA does not require employment to be member; it does not deal with specificity towards any principal employer or group of employers, and its lobbying efforts, as articulated by Hartford, are industry-wide, not specific to employee issues.

■ Hartford is also correct in that an "employee organization" does not necessarily need to be related to one employer. However, the ADHA does not predicate its

membership on employment. A favorable ruling to Hartford on this issue would so greatly expand the scope of ERISA coverage as to make every member of the California State Bar, which also provides links to disability insurance, covered by ERISA as an employee organization. This type of coverage is outside the plain meaning of the scope of ERISA.

Hartford has not shown the absence of a triable issue of fact with respect to ADHA's status as an employee organization. Thus, summary judgment in Hartford's favor is inappropriate. Because Hartford did not conclusively show ADHA to qualify under the ERISA statute itself, the Court finds it unnecessary to decide whether the plan falls under the safe harbor provision of the Department of Labor regulations.

In her opposition, Greenwood asks this Court for summary adjudication in her favor on the issue whether the policy at issue is covered by ERISA. Such a request ordinarily requires a noticed motion that complies with the federal and local rules. *See* Fed.R.Civ.P. 7. However, when a nonmoving party shows that there is not a triable issue of fact in its favor, the Court has the power to enter a partial summary judgment sua sponte. *Gospel Missions of Am. v. City of Los Angeles,* 328 F.3d 548, 553 (9th Cir.2003); *Cool Fuel, Inc. v. Connett* 685 F.2d 309, 311–12 (9th Cir.1982). The sua sponte motion is appropriate where the losing party has had "full and fair opportunity to ventilate the issues involved in the matter." *Cool Fuel,* 685 F.2d at 312. This issue is the very heart of Hartford's motion. Not only did Hartford have a full and fair opportunity to draw the Court's attention to facts and authority in support of its position, Hartford had twice the opportunity Greenwood did by filing both a motion and a reply brief to her one opposition. Fur-

thermore, the Court at the hearing on this motion inquired what additional evidence Hartford could offer to show a triable issue of material fact. None of the proffered evidence, even if true, would affect this Court's conclusion. Based on the record before the Court, Greenwood has shown that no triable issue of material fact exists as to whether the ADHA is an "employee organization" within the scope of ERISA, thus summary judgment as to that issue in her favor is appropriate.

## III. CONCLUSION

Based on the foregoing analysis, Hartford's motion for summary judgment on ERISA preemption is DENIED. Further, because Greenwood has shown the absence of a triable issue of material fact on ERISA preemption, the Court sua sponte GRANTS partial summary judgment in her favor and hold that ERISA does not apply to the policy in issue.

IT IS SO ORDERED.