528 F.Supp.2d 999 (2007)
Paul D. SOUSA
v.
UNUM LIFE INSURANCE COMPANY OF AMERICA, et al.
No. SACV 06-226 JVS(ANx).
United States District Court, C.D. California.
August 27, 2007.
*1000 Robert Kennedy, Scott Joel Poremba, for Plaintiffs.
Micahel Bemacki, for Defendants.
JAMES V. SELNA, District Judge.
Cause called and counsel make appearances. The Court's tentative ruling is issued. *1001 Counsel make their arguments. The Court rules in favor of defendant in accordance with the tentative ruling as follows:
I. BACKGROUND
Plaintiff Paul D. Sousa ("Sousa") was a deputy sheriff with the Orange County Sheriffs Department and a member of the Association of Orange County Deputy Sheriffs ("AOCDS"). Sousa was insured under a group long-term disability ("LTD") policy administered by defendant Unum Life Insurance Company of America ("Unum"). In September 2002, Sousa exhibited symptoms of a cardiac condition and filed a disability claim under the plan. Unum awarded LTD benefits through November 21, 2002, at which time it determined that Sousa was able to return to work. Sousa filed a second disability claim in February 2003 asserting an orthopedic injury. Unum initially denied this claim Because Sousa had failed to return to his job in November 2002 and was therefore not in "active employment" when the injury occurred in January 2003.
Sousa subsequently appealed the denial of benefits on his cardiac claim and Unum ultimately concluded that he was not able to return to work until January 23, 2003. Thus, the coverage gap was closed and Unum began to pay LTD benefits on Sousa's orthopedic claim. The 24-month "own occupation" period under the plan ended in September 2004. At that time, Unum continued to pay Sousa LTD benefits, but advised Sousa that he was required to provide continuing proof of loss that he was unable to engage in any occupation.
Unum began to develop suspicions that Sousa had been concealing information regarding his ability to work and that he had, in fact, been pursuing various employment opportunities. Unum began to request additional documentation from Sousa to support his disability claim. When Sousa failed to produce requested documentation, Unum terminated his LTD benefits.
Sousa originally filed the instant action in Orange County Superior Court, alleging claims against Unum for breach of contract and breach of the duty of good faith and fair dealing. (See Complaint.) Unum removed the action to this Court on grounds of federal question and diversity jurisdiction, arguing that Sousa's state law claims were preempted by the Employee Retirement income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq. (See Notice of Removal at 2-3.) On December 4, 2006, the parties stipulated that Sousa's claims were governed by ERISA. (See Dec. 4, 2006 Stipulation at 5.) Sousa's claim for breach of contract was converted to a claim for recovery of ERISA benefits under 29 U.S.C. § 1132(a), and his claim for breach of the duty of good faith and fair dealing was dismissed with prejudice. (Id. at 5-6.)
II. LEGAL STANDARD
ERISA governs the administration of employer-provided benefit plans. See Metro. Life Ins. Co. v. Parker, 436 F.3d 1109, 1111 (9th Cir.2006). Under an ERISA plan, the plan administrator is charged with the duty to administer plan benefits "in Accordance with the documents and instruments governing the plan insofar as the documents and instruments are consistent [with ERISA]." Id. at 1113 (quoting 29 U.S.C. § 1104(a)(1)(D)). For purposes of this case, the parties have stipulated that a de novo standard of review applies. (See Joint Fed.R.Civ.P. 26(f) Report at 5.)
III. DISCUSSION
A. Exhaustion of Remedies
Unum argues that it is entitled to judgment because Sousa failed to exhaust *1002 his administrative remedies under the plan. Generally, an individual making a claim under ERISA must "avail himself or herself of the plan's own internal review procedures before bringing suit in federal court." Diaz v. United Agric. Employee Welfare Benefit Plan & Trust, 50 F.3d 1478, 1483 (9th Cir.1995) (upholding summary judgment for defendant where plaintiff failed to exhaust internal plan administrative remedies). Federal courts "have the authority to enforce the exhaustion requirements in suits under ERISA, and . . . as a matter of sound policy they usually do." Id. (quoting Amato v. Bernard, 618 F.2d 559, 568 (9th Cir.1980) (internal quotation marks omitted)); see also Sarraf v. Standard Ins. Co., 102 F.3d 991, 993 (9th Cir.1996) (plaintiff's failure to make written request for review of plan administrator's adverse decision precluded ERISA claims). Exceptions may be made to the requirement for administrative exhaustion where the remedy would be inadequate or resort to the administrative route would be futile. Amato, 618 F.2d at 568.
1. "Own Occupation" LTD Benefits
Unum initially paid Sousa's LTD cardiac claim from September 26 through November 20, 2002. On January 31, 2003, Unum notified Sousa that it was terminating his LTD benefits as of November 22, 2002. (See AR 0368-71.) In the denial letter, Unum advised Sousa of his right to appeal the adverse decision. Specifically, the letter included the following language:
[I]f you disagree with our determination and intend to appeal this claim decision, you must submit a written appeal. This appeal must be received by us within 180 days of the date of this letter. Your written appeal should include your comments and views of the issues, as well as any new documentation you may wish us to consider. You should submit your written appeal to the following address:
Glendale Customer Care Center
Quality Performance SupportAppeals
PO Box 29015
Glendale, CA 91209-9015
If we do not receive your written appeal within 180 days of the date of this letter, our claim determination will be final.
(AR 0370.)
On February 21, 2003, Sousa filed a new LTD claim, in which he claimed disability due to back pain effective January 7, 2003. (See AR 1836.) On March 19, 2003, Unum denied this claim because Sousa had not returned to work following termination of his benefits on the cardiac claim, and was therefore no longer in "active employment" under the plan. (AR 1987-88.) This letter contained identical language regarding the appeals process. (See AR 19880) In addition, Unum specifically advised Sousa that "it would be in your best interest to file a formal appeal on your prior claim" because a favorable decision would close the gap in coverage. (AR 1987.)
After reviewing additional documentation regarding the cardiac claim submitted by Sousa, Unum sent a second letter, dated April 16, 2003, denying continued LTD benefits on that claim. This letter contained identical language regarding the appeals process. (See AR 0424.)
On April 16, 2003, Sousa appealed the denial of benefits on his cardiac claim and submitted additional documentation for consideration. (AR 0437.) On October 15, 2003, Sousa requested that his appeal "be delayed at this time," and that Unum send copies of all of his records in their entirety. (AR 0770.) In response, Unum provided the requested records, but indicated that it had completed its appellate determination. (AR 0786.) On October 31, 2003, Unum provided its appellate decision upholding the claim denial. (AR 0798-0801.) On February 4, 2004, however, based on new *1003 information, Unum overturned its prior appellate decision and granted Sousa LTD benefits on his cardiac claim through January 23, 2003. (AR 0875.)
Because this favorable decision closed the gap in Sousa's coverage, Unum then approved Sousa's orthopedic claim and paid benefits through the end of the 24-month "own occupation" period, September 24, 2004. (AR 1005-07.) As required by the plan, Unum offset a portion of Sousa's LTD benefits to reflect workers' compensation payments that he had received from January 7, 2003 through January 6, 2004.
Sousa exhausted his administrative remedies with respect to the cardiac claim and the appeal was ultimately resolved in his favor. In the instant action, however, Sousa does not appear to raise any claims regarding payment of LTD benefits for his cardiac claim,
Sousa never appealed any of Unum's decisions regarding his orthopedic claim during the "own occupation" period. Sousa has not demonstrated that an exception to the exhaustion requirement should apply. Accordingly, the Court finds that Sousa's ERISA claims with respect to the denial of benefits on the orthopedic claim during the "own occupation" period are precluded by his failure to exhaust his administrative remedies.
2. "Any Occupation" LTD Benefits
Unum advised Sousa that the "own occupation" period ended on September 25, 2004. (AR 1386.) Unum continued to pay Sousa LTD benefits, but began to develop suspicions that Sousa had withheld information regarding his ability to work. On May 25, 2005, Unum terminated Sousa's LTD benefits after he failed to adequately respond to Unum's requests for additional information. (See AR 1742-44.) In the letter, Unum specifically advised Sousa of his right to appeal the claim denial, stating:
[I]f you disagree with our determination and intend to appeal this claim decision, you must submit a written appeal. This appeal must be received by us within 180 days of the date of this letter. Your written appeal should include your comments and views of the issues, as well as any new documentation you may wish us to consider. You should submit your written appeal to the following address:
The Benefits Center
Quality Performance SupportAppeals
PO Box 29015
Glendale, CA 91209-9015
If we do not receive your written appeal within 180 days of the date of this letter, our claim determination will be final.
(AR 1743.) On June 23, 2005, Unum responded to a letter from Sousa and again advised him of the right to appeal the claim denial:
You may recall that in our letter of May 25, 2005 (copy attached), we indicated that you must submit your written appeal within 180 days. This means that unless we receive your written appeal within 180 days of May 25, 2005, our claim decision will be final.
Sousa never appealed any of Unum's decisions regarding his LTD benefits during the "any occupation" period. Sousa has not demonstrated that an exception to the exhaustion requirement should apply. Accordingly, the Court finds that Sousa's ERISA claims with respect to the denial of benefits during the "any occupation" period are precluded by the failure to exhaust his administrative remedies.
B. Merits
Because Sousa's failure to exhaust is dispositive of all his claims, the Court need not proceed further in its analysis. However, *1004 the Court provides the following brief discussion.
1. Benefits for Own Occupation
Sousa argues, without any citation to evidence, that he is entitled to an additional six months and nineteen days of LTD benefits from the "own occupation" period. Under the plan, the "own occupation" period is 24 months. Sousa's LTD benefits commenced on September 26, 2002, so the "own occupation" period continued through September 25, 2004.
The plan provides that, after a 30-day elimination period, the policy will pay disability benefits at 66-2/3 percent of monthly income, up to a maximum of $3,300, less deductible sources of income, (AR 1866.) Workers' compensation payments are a deductible source of income. (AR 1868.) The policy has no minimum benefit amount. Thus, an employee could be entitled to a benefit of $0 if their deductible sources of Income exceed the monthly benefit.
Sousa received 100 percent of his salary as workers' compensation between January 7, 2003 and January 6, 2004. Thus, Sousa received a monthly benefit of $0 under the plan for this period. (AR 1005-07.) Sousa fails to demonstrate that he was denied benefits during the "own occupation" period. Accordingly, Unum is entitled to judgment on this portion of his claim.
2. Benefits for Any Occupation
Unum advised Sousa that the "any occupation" period commenced on September 26, 2004 and reminded him of the policy's ongoing proof requirements. (See AR 1386-88.) Certain records provided to Unum in mid-2004 gave rise to a suspicion that Sousa had been withholding information regarding his employment activities and his ability to work.
Based on information that Sousa was engaging in activities such as restoring cars and purchasing and operating a tow truck business, Unum began to request additional documentation and attempted to arrange a meeting with a field representative. When Sousa failed to appear for the field meeting and failed to provide requested documentation, Unum determined that he was no longer in compliance with the plan's proof of loss requirements and terminated his LTD benefits. (See AR 1742-44.)
Information obtained by Unum during the course of the instant litigation shows that Sousa had applied for a business license and purchased a towing company. Unum conducted surveillance of Sousa and observed him traveling to and from work on multiple days. Sousa's representations, without citation to evidence, that the business was financially unsuccessful are irrelevant to the question of whether he was able to work in a gainful occupation on a part-time basis.
Sousa fails to demonstrate that he was improperly denied LTD benefits during the "any occupation" period. He failed to comply with the proof of loss requirements and failed to disclose his work activities. Accordingly, Unum is entitled to judgment.
IV. CONCLUSION
For the foregoing reasons, Unum is entitled to judgment on Sousa's ERISA claims.