RAWLINSON, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that Plaintiff Leah Bilyeu (Bilyeu) waived her argument that Unum Life Insurance Company (Unum) lacks statutory standing. I respectfully disagree on ah other issues.
Bilyeu argues on appeal, as she did before the district court, that a fax sent by her physician Dr. Proefrock to Dr. Hogan, the physician for Unum, satisfied the exhaustion requirement under the Employee Retirement Income Security Act of 1974 (ERISA). However, the letter denying Bilyeu’s claim explicitly directed her that if she disagreed with the determination denying disability benefits, she was required to submit an appeal in writing to: First Unum Life Insurance Company at PO Box 100158, Columbia, SC 29202-3158, Fax: 1-800-447-2498 www.unumprovident.com.
Rather than submitting an appeal as directed, Bilyeu elected to provide additional information pursuant to a different paragraph of the denial letter. This information was sent to Unum’s physician ad-visor rather than to the benefits center as directed in the denial letter from Unum.
The district court found that because the letter from Bilyeu’s physician to Unum’s physician did not comply with the appeal procedure, Bilyeu did not exhaust the ad *1098 ministrative remedies available under the ERISA Plan. We review this determination for an abuse of discretion. See Diaz v. United Agricultural Employee Welfare Benefit Plan and Trust, 50 F.3d 1478, 1483 (9th Cir.1995).
A district court abuses it discretion only if the district court applied an incorrect legal rule in view of the relief requested or made a factual finding that was “illogical, implausible, or without support in inferences that may be drawn from the record.” United States v. Hinkson, 585 F.3d 1247, 1263 (9th Cir.2009) (footnote reference omitted).
The district court explained its ruling by observing that the letter from Bilyeu’s physician did not indicate that Bilyeu desired to appeal the Plan’s decision. See District Court Opinion, p. 6. The district court also noted that the letter from Bilyeu’s physician was faxed to Unum’s physician advisor rather than to Unum, as instructed in the communication from Unum to Bilyeu. See id. Because the letter from Bilyeu’s physician did not comply with the appeal procedure and did not seek administrative review, the district court found that Bilyeu failed to exhaust the available administrative remedies. See id. The district court specifically ruled that Bilyeu’s submission of additional medical information was no substitute for filing an appeal as directed.
The district court correctly identified and applied governing precedent. As noted in Diaz, 50 F.3d at 1483, “[e]arly in ERISA’s history,” we established the general rule requiring exhaustion of administrative remedies. See also Mack v. Kuckenmeister, 619 F.3d 1010, 1020 (9th Cir.2010). We concluded that exhaustion of administrative remedies is warranted because exhaustion is consistent with the legislative structure of ERISA. We also reasoned that the exhaustion requirement advances “important policy considerations, including the reduction of frivolous litigation, the promotion of consistent treatment of claims, the provision of a nonadversarial method of claims settlement, the minimization of costs of claim settlement and a proper reliance on administrative expertise .... ” Diaz, 50 F.3d at 1483, citing Amato v. Bernard, 618 F.2d 559, 566-68 (9th Cir.1980).
The district court faithfully adhered to this precedent when it precluded Bilyeu’s claim due to her failure to submit an appeal to Unum, the benefits administrator. See Id. (“By not submitting a written appeal to the Benefits Administrator, [the Plaintiff] failed to comply with the Plan’s internal review procedures and hence did not exhaust the available administrative remedies....”); see also Sarraf v. Standard Insurance Co., 102 F.3d 991, 993 (9th Cir.1996) (“Under Diaz, [Plaintiffs] failure to request in writing review of the Administrator’s adverse decision precludes the instant claims under the ERISA plan.”), citing Diaz, 50 F.3d at 1483.
Because the district court followed well-established precedent in requiring exhaustion of the prescribed administrative remedy, the majority understandably refrains from holding that the district court abused its discretion by applying an incorrect legal rule. Rather, the majority excuses Bilyeu’s lack of exhaustion by attributing to Unum a purported failure “to establish or follow reasonable claims procedures.” Majority Opinion, p. 1088. (internal quotation marks omitted). The majority cites to Barboza v. Cal. Ass’n of Prof'l Firefighters, 651 F.3d 1073 (9th Cir.2011) as support for its holding. See id. However, that case bears little resemblance to this case and is not controlling or compelling. In Barboza, the ERISA beneficiary did not receive a timely determination of the Plan’s decision. See Barboza, 651 F.3d at 1078. No similar allegation was made in *1099 this case. In Barboza, the issue was whether the Plan provisions complied with ERISA regulations. See id. at 1077. No similar issue exists in this case. In Barboza, we deferred to the interpretation of the Secretary of Labor regarding the proper resolution of “conflicting interpretations” of an ERISA regulation. Id. at 1079. No interpretation of an ERISA regulation was involved in this case. Rather, the district court in this ease was called upon to decide whether Bilyeu perfected her appeal by sending additional information to the Plan’s physician rather than challenging the denial of benefits by directing an appeal to Unum at the address provided.
The majority concedes that the provisions of the denial letter sent to Bilyeu were susceptible to the reading argued by Unum as well as the reading urged by Bilyeu. See Majority Opinion, p. 1089. That concession guts the majority’s analysis, because a decisionmaker’s choice between two viable interpretations of the facts cannot constitute abuse of discretion as a matter of law. See Hinkson, 585 F.3d at 1260 (“Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be clearly erroneous.”) (citation omitted). The district court acted within its discretion when it concluded that Bilyeu failed to exhaust the administrative remedies available under the ERISA plan administered by Unum. No legal or factual basis exists for reversing the district court’s ruling. Quite simply, as we stated in Diaz, “[b]y not submitting a written appeal to the Benefits Administrator, [Bilyeu] failed to comply with the Plan’s internal review procedures and hence did not exhaust the available administrative remedies.... ” Diaz, 50 F.3d at 1483 (emphasis added).
I also part company with the majority in its analysis of the district court’s ruling on the merits of Unum’s counterclaim.
Like the majority opinion, I start my analysis with the United States Supreme Court’s decision in Sereboff v. Mid Atlantic Medical Services, Inc., 547 U.S. 356, 362-63, 126 S.Ct. 1869, 164 L.Ed.2d 612 (2006). In that case, the Supreme Court addressed the circumstances under which an ERISA fiduciary may sue an ERISA beneficiary for reimbursement when the beneficiary recovers from a third party. See id. at 359, 126 S.Ct. 1869. The Supreme Court relied on the equitable rule that an obligation to convey specific proceeds imposes a constructive trust on those proceeds. See id. at 362-64, 126 S.Ct. 1869.
Applying the precepts of Sereboff to the facts of this case, I reach the same conclusion as the majority opinion regarding the existence of an equitable trust. The ERISA Plan provided that Bilyeu could receive full long-term disability benefits premised upon her agreement to reimburse Unum for any overpayment due to receipt of benefits from any other sources. Thus, any overpayment due to receipt of benefits from other sources would constitute the particular fund to which a constructive lien in favor of Unum applied. See id.
Although all parties agree that Bilyeu was obligated to reimburse Unum, the majority opinion lets Bilyeu off the hook, accepting her argument that she has already spent the money paid to her by Unum and, therefore, those specific proceeds can never be recovered. In doing so, the majority opinion creates an unwarranted circuit split and completely disregards the concept of fairness, the paramount principle of equity. See Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 133, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995).
In Cusson v. Liberty Life Assurance Co. of Boston, 592 F.3d 215, 231-32 (1st Cir.2010), the First Circuit considered a case also involving overpayment of long-term *1100 disability benefits due to the receipt of social security benefits by the claimant.
The claimant argued that the ERISA fiduciary advanced a legal claim rather than an equitable claim, and therefore, the claim was barred. See id. at 230. The First Circuit rejected this argument, concluding that it was inconsistent with the Supreme Court’s reasoning in Sereboff. See id. at 231. The First Circuit concluded that the rule of equity imposes a constructive trust on the proceeds as soon as they are acquired by the recipient of those proceeds. See id. The First Circuit reasoned that because the contract between the ERISA fiduciary and the ERISA beneficiary put the ERISA beneficiary on notice that reimbursement would be required if the ERISA beneficiary was overpaid, enforcement of the resulting constructive trust constituted equitable relief. See id. Because the circumstances in Cusson are virtually identical to the facts in this case, there is no principled basis upon which Cusson can be distinguished.
Similarly applying Sereboff, the Third Circuit in Funk v. CIGNA Grp. Ins., 648 F.3d 182, 194 (3d Cir.2011) held that “there is no tracing requirement for an equitable lien by agreement. Property to which the lien attached may be converted into other property "without affecting the efficacy of the lien.” (citations and footnote reference omitted).
In Gilchrest v. Unum Life Insurance Co. of America, 255 Fed.Appx. 38 (6th Cir.2007) (unpublished), the Sixth Circuit interpreted Sereboff in a similar fashion, ruling that the enforcement of a constructive trust does not require “strict tracing of funds.” Id. at 45. Rather, the ERISA fiduciary must merely identify a specific fund distinct from the general assets of the ERISA beneficiary for satisfaction of the ERISA fiduciary’s equitable claim. This requirement was met by identifying the proceeds of recoveries from any third party. See id. This holding was reiterated in Longaberger Co. v. Kolt, 586 F.3d 459, 466 (6th Cir.2009), with the Sixth Circuit declaring in a published opinion that “an equitable lien by agreement does not require tracing or maintenance of a fund in order for equity to allow repayment,” and citing Gilchrest with approval.
The Seventh Circuit reached the same result in Gutta v. Standard Select Trust Ins. Plans, 530 F.3d 614 (7th Cir.2008). Applying Sereboff, the Seventh Circuit recognized a distinction between the “equitable lien by agreement” created by the reimbursement provision in the ERISA plan document and “an equitable lien sought as a matter of restitution.” Specifically, for the former, “strict tracing of the funds to be recovered was not required [under Sereboff]”. Id. at 620 (quoting Sereboff, 126 S.Ct. at 1875). This distinction is persuasive in "view of the express agreement by the beneficiary to reimburse the ERISA plan for any overpayment, without any limitation regarding the funding source of the repayment.
In Dillard’s Inc. v. Liberty Life Assurance Co., 456 F.3d 894 (8th Cir.2006), the Eighth Circuit’s analysis was consistent with that of the First, Third, Sixth and Seventh Circuits. The Eighth Circuit determined that the Supreme Court’s ruling in Sereboff precluded the argument that the ERISA fiduciary’s reimbursement claim sought legal damages. See id. at 901. The Eighth Circuit explained that enforcement of an equitable lien by agreement was an equitable remedy rather than a legal one. See id.
In an effort to distinguish the rulings of five of our sister circuit courts, the majority relies on an out-of-circuit district court decision, Epolito v. Prudential Ins. Co. of America, 737 F.Supp.2d 1364 (M.D.Fla.2010). See Majority Opinion, p. 1095. The district court in Florida acknowledged *1101 the Supreme Court’s holding in Sereboff that “strict tracing rules do not apply to equitable liens by agreement....” Id. at 1380, quoting Sereboff 547 U.S. at 364,126 S.Ct. 1869. However, the district court stated that it would “not read Sereboffs holding with respect to tracing as broadly” as the circuit courts. Id. I am not persuaded by the reasoning of the Florida district court. Indeed, it appears that the Eleventh Circuit does not agree with the reasoning in Epolito. See Popowski v. Parrott, 461 F.3d 1367, 1374 n. 8 (11th Cir.2006) (“[W]e observe that the Supreme Court in Sereboff ... clarified that the strict tracing requirements that apply to equitable liens ... do not apply to equitable liens by agreement____”) (citation and internal quotation marks omitted). The Florida district court acknowledged this language in the Eleventh Circuit’s decision, but dismissed it as dicta. See Epolito, 737 F.Supp.2d at 1381 n. 8.
The Florida district court also gave extremely short shrift to the Eleventh Circuit decision in Admin. Comm. for the Wal-Mart Stores, Inc. Assocs.’ Health & Welfare Plan v. Horton, 513 F.3d 1223, 1227 & n. 4 (11th Cir.2008) (concluding that the ERISA Plan’s action to recover overpayment from a third-party was equitable in nature).
The majority opinion seeks to bolster the district court’s ruling in Epolito by reference to Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002). See Majority Opinion, p. 1095. However, the First Circuit convincingly distinguished Knudson, noting that in Knudson, the funds in question were never actually in the possession of the ERISA beneficiaries. See Cusson, 592 F.3d at 230; see also Sereboff, 547 U.S. at 365-66,126 S.Ct. 1869 (distinguishing Knudson). The First Circuit persuasively explained that Sereboff is the governing precedent when the funds in question are controlled by the ERISA beneficiary. See id.
The majority’s reliance on general language in Amschwand v. Spherion Corp., 505 F.3d 342, 346 (5th Cir.2007) See Majority Opinion, p. 7265 regarding the general principles of equity does not in any way dilute the force of the five circuit courts that have interpreted Sereboff as not imposing a tracing requirement on funds being sought pursuant to an equitable agreement. Indeed the tracing discussion from Sereboff was totally ignored by the Fifth Circuit in deciding Amschwand.
The main problem with the majority’s reliance on CIGNA Corp. v. Amara, — U.S. -, 131 S.Ct. 1866, 179 L.Ed.2d 843 (2011), a recent case from the United States Supreme Court, see Majority Opinion, p. 7265, is that the cited language is part of the preliminary discussion from the Court prior to its analysis of the actual issues presented. See CIGNA Corp. at 1879 (“[Traditionally speaking, relief that sought a lien or a constructive trust was legal relief, not equitable relief, unless the funds in question were particular funds or property in the defendant’s possession.”) (citation omitted) (emphasis in the original). The Court then went on to discuss the imposition of an injunction against the ERISA Plan Administrator, with no mention of the tracing issue. See id. at 1879-80.
Another problem with the majority’s reliance on Amara is that the quoted language is entirely consistent with the analysis in Sereboff. See 547 U.S. at 364-65, 126 S.Ct. 1869 (noting that the common law requirement of tracing property to “some particular funds or assets” applied to an equitable lien by restitution but not to an equitable lien by agreement) (citation omitted).
The final problem with the majority’s reliance on Amara is that it never mentions, let alone purports to overrule, the analysis in Sereboff. Importantly, because *1102 Sereboff specifically addresses the issue presented to us, it is the more applicable Supreme Court precedent.
The majority opinion also quotes at length from various treatises. See Majority Opinion, pp. 1095-96. However, it is well-established that treatises are a compilation of general principles of law, rather than concrete application of principles of law to a defined set of facts. See Hart v. Massanari, 266 F.3d 1155, 1169-70, 1171—73 (9th Cir.2001) (explaining that persuasive authority, including treatises, cannot overcome the force of Supreme Court precedent).
I am also not persuaded by the majority’s citation to Bonneville Power Admin. v. Wash. Pub. Power Supply Sys., 956 F.2d 1497, 1507 (9th Cir.1992). See Majority Opinion, p. 1097. That case predates Sereboff by almost fifteen years and is inconsistent with the Supreme Court’s reasoning in Sereboff. Rather than creating an indefensible circuit split, I would adhere to the reasoning of the Supreme Court in Sereboff as interpreted by our sister circuits, and conclude that strict tracing of the overpaid funds is not required to enforce an equitable lien by agreement. If the ERISA fiduciary were seeking reimbursement in the absence of an agreement to reimburse any overpayment, I would agree with the majority opinion that application of the holding in Knudson would be appropriate. However, where the ERISA beneficiary expressly agrees to reimburse the Plan for any benefit overpayment, as in this case, enforcement of the resulting equitable lien by agreement constitutes an equitable remedy rather than a legal one, and Sereboff controls. See Sereboff, 547 U.S. at 368,126 S.Ct. 1869 (recognizing the distinction between an equitable lien premised on restitution principles and an equitable lien premised on an agreement). The district court’s decision in this case properly applied Sereboff and its judgment should be affirmed in its entirety.